# East Tenn., Va. & Geo. Railroad Co. v. Clark.

*Action to recover Damages for Personal Injuries.*

1. *Contributory negligence as defense; request for explanatory charge.* In an action against a railroad company, to recover damages for personal injuries, a charge which states the correct rule as to negligence, but ignores the evidence tending to show contributory negligence, is not therefore erroneous; the question of contributory negligence being defensive in its character, and properly calling for an explanatory charge.

APPEAL from the Circuit Court of Talladega.

Tried before the Hon. LEROY F. BOX.

This action was brought by Israel H. M. Clark against the appellant, a corporation created under the laws of Alabama and Tennessee, to recover damages for personal injuries caused by being knocked down and run over by one of the defendant's trains of cars, on the night of March 26th, 1881, whereby his right hand was mashed, and so badly injured that several of his fingers were necessarily amputated; and was commenced on the 14th March, 1882. The defendant pleaded not guilty, "in short by consent," and a special plea averring contributory negligence on the part of the plaintiff; and issue was joined on both of these pleas. At the time the accident occurred, the

plaintiff was returning from Talladega to his home in Clay county, and was camping for the night, with Ben. Clemens and wife, near the railroad at "Parsons' Crossing;" he had been driving a wagon drawn by three oxen, and, in unyoking them, one of the oxen got loose, and crossed the railroad track. The plaintiff, testifying as a witness for himself, thus described the accident: "I went in pursuit of the ox, and found him 50 or 75 yards beyond the railroad, in the public road. I got the ox, and caught hold of the line on his head, and drove him back to the railroad. When I got to the railroad, I did not see the train at all, until it was right on me, and knocked me down. I saw the ox jump, and then the train run over me, and cut off my hand. I was knocked senseless, and did not know any thing more until the doctor was standing over me. After we stopped to camp, a train went down towards the depot, which had its headlight burning, and which rang the bell as it approached the crossing. The train that struck me was going north, and had no head-light burning, and did not ring the bell, nor blow the whistle, when approaching the crossing. I heard a train rattling and running just as I approached the track, but thought it was the train at the depot. I did not stop as I approached the railroad track. I did not see the train until it was right at me and knocked me down. It was dark at the time. I don't know the hour of the night when it happened. We did not stop, from the time we left the depot until we got to the said crossing. We went up there for the purpose of hunting a place to camp. It was about a half-mile from the depot." The plaintiff introduced other witnesses, who testified that, at the time of the accident, the head-light of the engine was not burning, and that the bell was not rung, nor the whistle blown, as the train approached the crossing; but the defendant's witnesses contradicted them on both of these points.

The court gave the following (with other) charges to the jury, at the instance of the plaintiff: 2. "To approach a public road crossing at night with a train or engine, without a head-light, or without ringing the bell, or blowing the whistle, as required by law, is reckless; and if the jury find, from the evidence, that the defendant did this by its servants, then they were guilty of reckless conduct; and if thereby the plaintiff was injured at such crossing, the defendant is guilty." 3. "The rights and duties of the railroad company and the plaintiff, at a public crossing, are clearly defined by law, and neither party has the right to disregard them. The railroad company is required to ring the bell, or blow the whistle, whether day or night, one quarter of a mile from the crossing, and continue to do so until the crossing is passed, and is also required to keep good lights on their trains at night; and if the jury believe,

[East Tenn., Va. & Geo. R. R. Co. v. Clark.]

from the evidence, that the plaintiff was injured while endeavoring to cross the defendant's railroad, between eight and nine o'clock at night, at a public crossing, in March, 1881, and at the time the railroad company did not have good lights on the train, as required by law, then the company was guilty of negligence; and if, by reason thereof, plaintiff did not discover the train until it was close to him, so that he could not get out of the way by the use of reasonable diligence on his part, then he is entitled to recover such damages as the evidence satisfies the jury he has sustained." 4. "Gross negligence on the part of the railroad company consists in not doing those things which the law requires it to do." 5. "The defense of contributory negligence is not made good, if the plaintiff, after contributing by his own negligence to place himself in peril, employs proper diligence to extricate himself, and the defendant neglects to use diligence which might have prevented the catastrophe." 8. "In the employment of steam as a motive power, railroad companies are held to the exercise of extraordinary diligence; and although the jury may believe that the plaintiff was imprudent in the first instance, in getting on the track, yet, if he made all proper efforts to escape when the danger became apparent, and the servants of the railroad company failed to use all the proper means in their power, by turning on brakes, and reversing the engine, by which the danger might be avoided, the railroad company will be responsible, and such original contributory negligence, if shown, is no defense to the action. It is not essential for the plaintiff to show that the engineer perceived the obstruction, if it is shown that he or his steer, or both, were on the track, and could have been seen by the exercise of due diligence, with proper head-light." The defendant excepted to each of these charges, and now assigns them as error.

PETTUS & DAWSON, with whom was D. T. CASTLEBERRY, for the appellant.—The second and third charges each ignore the question of contributory negligence on the part of the plaintiff in getting into danger—in failing to listen and look before he went on the track; and the second also makes the failure to ring the bell, in such case, negligence *per se.—Railroad Co. v. Copeland*, 61 Ala. 376; *Tanner v. Railroad Co.*, 60 Ala. 638. The fourth charge is erroneous, in making the failure to do any thing required by law of a railroad company gross negligence. The fifth charge does not state at what stage the defendant's negligence must have occurred, to make it liable. Was it before the plaintiff was in peril, or was it after the engineer discovered, or could have discovered his peril?—*Tanner v. Railroad Co.*, 60 Ala. 638. The eighth charge omits to re-

quire the plaintiff, after negligently getting on the track, to use diligence in discovering his peril, and allows him to remain negligently on the track until his danger became apparent, if he was diligent after he had discovered his peril. This charge is erroneous, also, in defining the duties of the railroad. On the facts stated, the engineer might not have been guilty of negligence.

PARSONS & PARSONS, *contra*, cited *S. & N. Ala. Railroad Co. v. McLendon*, 63 Ala. 266; *Farley v. Smith*, 39 Ala. 38; *Cook v. Central R. R. Co.*, 67 Ala. 533; *Tanner v. L. & N. Railroad Co.*, 60 Ala. 621; *Gothard v. Ala. Great So. Railroad Co.*, 67 Ala. 114; *M. & C. Railroad Co. v. Copeland*, 61 Ala. 376.

STONE, J.—In the argument of counsel it is contended, that the Circuit Court erred in giving each of the charges numbered 2, 3, 4, 5, and 8. We do not think there is reversible error in either of these charges. If there was evidence tending to show contributory negligence (we do not decide there was such evidence), that would present a phase of the question defensive in its character, and, at most, would call for an explanatory charge. To put the court in error, such charge must be asked by the party who conceives himself aggrieved by the court's rulings. These principles have been so often declared, that it is needless to cite authorities, other than those noted on the brief of counsel.

The judgment of the Circuit Court is affirmed.