# Frierson *v.* Frazier.

*Action to recover Damages for Loss of Team while crossing on a Ferry.*

1. *Liability of owners of ferry as common carrier.*—Where a passenger on a ferry boat continues in immediate charge and custody of his wagon and team during the passage on a ferry boat and assumes to control the team during the passage across the river, the ferry owners are not liable as common carriers in

[Frierson v. Frazier.]

respect of the loss of his property, resulting from the team backing off into the river, but only for their negligence causing that disaster.

2. *Liability of owners of ferry; contributory negligence.*—In an action against ferry boat owners to recover damages for the loss of team backing into the river, where the issue of contributory negligence was involved, with evidence tending to support same, a charge to the jury that "If from the evidence you are reasonably satisfied that the defendant was guilty of negligence and that such negligence was the direct cause of the injuries complained of, your verdict should be for plaintiff" is improper.

3. *Same; liability to passenger transported free.*—Where no charge or compensation is made or to be made, and no compensation is to be exacted, directly or indirectly, for the transport of plaintiff's property, and this is so understood by him at the time, the ferry owners are liable·to him only for the consequences of gross negligence.

4 *Same; where transportation without fee is part of contract for work.*—If the plaintiff, in action for recovery of damages for loss of team while crossing river on ferry boat, has a contract for work with the owners. of the ferry boat and the customary money fee for transportation is not exacted from him in consequence of the fact that the transport was being made in carrying out a contract for work which he had with that company and the pretermission of the, usual charge was in any sense a part of that contract, the attempted transport is not gratuitous and the rights of the plaintiff are the same as if regular toll had been exacted.

5. *Safe-guards of a ferry; credibility of testimony.*—Where it is shown that a ferry boat did not have a rear guard, evidence to the effect that subsequent to the accident, the ferry owners did install a· rear-guard is not admissible to prove such installation as an independent abstract fact, but is competent on the cross-examination of defendants themselves after they had testified that there was no occasion for such safeguard in a properly constructed boat and that it was not customary to have such rails on other properly equipped and operated ferryboats, as going to the credibility· of such testimony.

APPEAL from Circuit Court of Covington.

Tried before the HON. JOHN P. HUBBARD.

This is an action brought by the appellee, W. L. Frazier, to recover damages of appellants, G. B. Frierson and John Cooper, who were operating a ferry across the

Conecuh river, near River Falls, in Covington county. The plaintiff drove his wagon, which was drawn by two mules, upon the flatboat of appellant, there being in the vehicle a chest of tools; after the boat had gotten under way, the mules, which had not been unhitched, became uncontrollable and backed into the river. To recover damages for such loss plaintiff sued. The evidence showed that such ferry was not equipped with a rear guard rail. Issue was joined on plea of general issue, in short by consent, with leave to introduce any matter of defense, in like manner as if specially pleaded. Plaintiff asked the witness Frazier, after he had testified that a rear guard rail was not essential to a properly guarded ferry, whether he had not seen such a rear rail on a ferry boat? To this question, and the answer thereto, defendant objected. The court overruled such objection and defendant excepted.

The plaintiff requested the court to give the following written charge: "If from the evidence you are reasonably satisfied that the defendant was guilty of negligence, and such negligence was the direct cause of the injuries complained of, your verdict should be for the plaintiff." The court gave said charge, to the giving of which charge, defendant duly excepted. The defendant requested the court to give the following written charges: (3.) "The court charges the jury that if they are reasonably satisfied from the evidence that when Frazier drove his team upon the ferry boat, he was requested by the ferryman to unhitch his mules from the wagon, and he refused to do so, retaining the dominion and control of said animals, and other property; and such refusal and retention of control directly and proximately contributed to the said loss of said property, and said loss would not have accrued except for such refusal and retention aforesaid, then they must find for the defendants, unless reasonably satisfied from the evidence that the defendants were guilty of gross negligence." (6.) "If you are reasonably satisfied from the evidence that Frazier was not to pay ferriage, then the plaintiff Frazier, is not entitled to recover." (7.) "If you are reasonably satisfied from the evidence that Frierson and Frazier

had agreed that Frazier was to pay no ferriage, then plaintiff cannot recover." (8.) "The court charges the jury that under the evidence in this case, the defendants in operating the ferry boat in question, were not common carriers of persons and property, or either, and can not be held liable as such in this action." The court refused to give each of said charges so requested by defendant, to each of which rulings the defendant separately excepted. There were verdict and judgment for the plaintiff. The defendant appeals and assigns as error the rulings of the trial court, to which exceptions were reserved.

STALLINGS and REID, CLAUDE RILEY and HENRY OPP, for appellant.—From the testimony, as a matter of common knowledge, the boat in question was practically like the run of ferry boats in Alabama. But for plaintiff's contributory negligence, there would have been no accident. Liability of a common carrier only applies when there is an actual bailment. In this case, defendant was only liable to use a proper degree of care to avoid consequences of plaintiff's negligence.

Charge 2 is misleading and erroneous.—*R. R. Co. v. Simpson*, 112 Ala. 426. Said charge ignores the evidence tending to show that transportation of Frazier was gratuitous.—*R. R. Co. v. Simpson, supra.*

Evidence that the boat was subsequently provided with a rear rail was irrelevant; it throws no light on the status of the boat at the time of the accident. To recover, plaintiff had to show gross negligence on the part of defendant, defendant having shown contributory negligence on the part of the plaintiff.

POWELL & ALBRITTON, *contra.*—The owner of a ferry boat is bound to provide all things necessary for the maintenance of a ferry in an efficient state and safe condition. The cause of the accident was failure of defendant to have a rear guard rail on said ferry. Plaintiff did nothing to frighten the mules. The testimony without conflict shows defendants were guilty of negligence

and that the affirmative charge could have been given for plaintiff.

McCLELLAN, C. J.—The evidence showed beyond controversy that Frazier, the plaintiff, continued in immediate charge and custody of his wagon and team on the ferry boat and assumed to control the team during the passage across the river. The ferry owners were not therefore liable to him as common carriers in respect to the loss of his property resulting from the team backing off into the river, but only for their negligence causing that disaster.

There was evidence adduced showing that the boat was not provided with a guard rail across the rear end to prevent just such occurrences as that which transpired in this instance and that such provision would have prevented this occurrence, and there was evidence tending to show that the omission of that safeguard was negligence on the part of the defendants. Upon this without more, charge 2 requested and given for plaintiff could have been properly given. But there was more. The issue of contributory negligence was in the case. The evidence afforded ground for a conclusion by the jury that the plaintiff was himself guilty of negligence in failing to unhitch the team from the wagon upon entering on the passage in compliance with the warning and request of the boatman, and that this negligence proximately contributed to the loss he sustained. So finding it was not only the jury's right but their duty to return a verdict for the defendants notwithstanding their negligence in not having a rear guard rail in place and the causal connection of that negligence with the result complained. This charge 2 took that right from the jury and prevented their performing this duty, and required them to find for plaintiff upon proof of causal negligence on the part of defendants even though they should also find that plaintiff was negligent and that his want of due care contributed to their injury. The charge was therefore affirmative error. It remained in the case and was before the jury as a declaration of law by the court throughout their deliberations. It was not merely mis-

leading, but, when referred to the evidence, as all charges must be, was positively erroneous, and was not corrected by the charge given at defendant's request which was inconsistent with it. We cannot affirm that the giving of this inconsistent instruction rendered the error of the original charge innocuous.

If no charge was made or to be made and no compensation was to be exacted directly or indirectly for the transport of plaintiff's property, and this was so understood by him at the time, the defendants were liable to him only for the consequences of gross negligence—not liable at all unless the jury found that the provision of a guard rail at the rear end of the boat was so plainly a duty imposed on the ferryman that no man of ordinary care and prudence would have pretermitted its performance. But if the defendants, the owners of the ferry, also constituted the Horse Shoe Lumber Company, and the customary money fee for ferriage was not exacted from the plaintiff in consequence of the fact that the transport was being made in carrying out a contract for work which he had with that company, and the pretermission of the usual charge was in any sense a part of that contract, the attempted transport cannot be said to have been gratuitous; but the rights of the plaintiff would be the same as if regular toll had been taken of him.

We are of opinion that evidence to the effect that subsequently to the loss of plaintiff's property defendants did install a rear end guard rail on this boat was inadmissible to prove that as an independent, abstract fact; but that such evidence was competent on the cross-examination of the defendants themselves after they had testified that there was no occasion for such safeguard in a properly constructed boat, and that it was not customary to have such rails on other properly equipped and operated ferry boats, as going to the credibility of such testimony.

[Birmingham Belt Railroad Company v. Gerganous.]

What we have said will sufficiently advise the circuit court of our views for all the purposes of another trial; and we will not discuss the assignments of error separately.

Reversed and remanded.

TYSON, SIMPSON and ANDERSON, J.J., concurring.