[Alabama City, Gadsden & Attalla Railway Co. v. Bullard.]

# Alabama City, Gadsden & Attalla Railway Co. *v.* Bullard.

*Damages for Injuries Received In Attempting to Board A Car.*

(Decided Nov. 19, 1908.    47 South. 578.)

1. *Trial; Instructions; Matters Outside the Issue.*—Under a complaint alleging that the car was standing still when plaintiff attempted to board it, and charging negligence in the starting of the car with a sudden jerk while plaintiff was attempting to board, to which the only plea was the general issue, instructions attempting to submit to the jury, the question of plaintiff's negligence if the car was moving slowly when he attempted to board it, would be to submit matters outside the issue, and are erroneous.

2. *Same; Error Cured by Other Instructions.*—Where instructions are given submitting questions outside the issues, such as, whether plaintiff was negligent if he attempted to board the car while it was moving slowly, are not cured by the giving of other instructions asserting that the burden was on the plaintiff to reasonably satisfy the jury that the car was standing still when he attempted to board it; this court not being able to say which charge controlled the action of the jury.

3. *Same; Irresponsive Answers; Who May Object.*—The right to object that the answer is not responsive to the question resides only in the party asking the question.

4. *Negligence; Definition.*—The defining of actionable negligence as the doing or omission to do an act which results in injury to another but without intent to do wrong on the part of the actor, is inaccurate and too broad as a definition of simple negligence; assuming that a duty existed, and where only ordinary care is required, negligence may be properly defined to be the failure to do what an ordinarily prudent person would have done under the same circumstances, or the doing of something which an ordinarily prudent person would not have done under similar circumstances.

5. *Carriers; Injury to Passenger; Negligence; Instructions.*—A charge asserting that if plaintiff attempted to board a car when it was dangerous to do so because of its rapid speed, and because of this plaintiff fell and was injured, then, if the injury was so caused by defendant's negligence verdict should be for the plaintiff, is erroneous for two reasons; 1st, under the facts hypothesized the negligence of the plaintiff and not of defendant, caused the injury; 2nd, the facts hypothesized are not within the issues made by the pleading.

6. *Same; Instructions; Stating Issues.*—Where the issues as made by the pleadings were that plaintiff attempted to board the car while standing still and was injured by the sudden starting of the car, to

[Alabama City, Gadsden & Attalla Railway Co. v. Bullard.]

which the plea of the general issue was interposed, a charge asserting that plaintiff does not sue for damages for injuries received while attempting to board a moving car, and if it was moving when he attempted to board it there could be no recovery in this action, properly states the issues and should have been given.

7. *Evidence; Conclusion.*—A statement that plaintiff looked like he fell powerful hard and got hurt, is the statement of a fact in the judgment of a witness, from what he saw, and is not a conclusion.

APPEAL from Etowah Circuit Court.

Heard before Hon. JOHN W. INZER.

Action by J. R. Bullard against the Alabama City, Gadsden & Attalla Railway Company for personal injuries received. There was judgment for plaintiff in the sum of $700, and defendant appeals. Reversed and remanded.

The facts and pleadings sufficiently appear in the opinion of the court, as do those portions of the court's oral charge to which exception was reserved. The following charges were refused to the defendant: "(22) The court charges the jury that a man has no legal right to attempt to board a street car while the same is in motion, and if he makes such an attempt the railroad owes him no duty, except the duty of not injuring him willfully, wantonly, or intentionally. (23) The court charges the jury that plaintiff does not sue in this case to recover damages for attempting to board a moving car, and if the proof here shows that the car was moving when he attempted to board it there can be no recovery in this case, and the verdict must be for the defendant. (24) The court charges the jury that there can be no recovery, under the pleadings in this case, if the evidence shows that plaintiff was injured in the attempt to board a moving car."

HOOD & MURPHREE and DORTCH, MARTIN & ALLEN, for appellant. The court erred in its oral charge to the jury as to negligence.—5 Words & Phrases, 4744. Counsel

discuss other assignments of error and insist on them in argument, but without citation of authority.

BILERO, INZER & STEPHENS, for appellee. The question to Dillard, whether there was a sudden moving of the car was competent.—*B'ham Ry. L. & P. Co. v. Hays,* 44 South 1033. When read altogether the courts oral charge was free from error.—*Sweeny v. Bienville Co.,* 121 Ala. 454; *R. & D. R. R. Co. v. Weems,* 97 Ala. 270; *R. & D. R. R. Co. v. Farmer,* 97 Ala. 141. Counsel discuss given and refused charges, but without citation of authority.

DOWDELL, J.—The complaint contained two counts. The first charged willful, wanton, or intentional wrong. The second charged simple negligence. The court gave the general affirmative charge in favor of the defendant as to the first count, and no questions are presented for consideration under this count.

The negligence charged in the second count was that the defendant's servant caused the car to start with a sudden jerk when the plaintiff was in the attempt to board the car as a passenger, thereby throwing the plaintiff to the ground and injuring him. In this connection it is averred in the count that the car was standing still when the plaintiff attempted to board it. The case was tried on the plea of the general issue alone. There was evidence on the part of the plaintiff tending to show that the car was standing still when the plaintiff attempted to board the same, as averred in the count, while on the part of the defendant the evidence tended to show that the car was not standing still when the plaintiff made the effort to board it, but that it had left the stopping place and was in motion, and the plaintiff ran to catch it and made the attempt to board it when it was so in motion. Thus it will be seen that un-

der the pleading and evidence whether the car was standing still or in motion when the plaintiff attempted to board it and received his injury was made a sharp issue in the case.

The court, in its oral charge to the jury, among other things, instructed them: "If you find from the evidence that, at the time it is alleged the plaintiff attempted to board one of the defendant's cars, the car was then moving slowly, then it is a question for you to determine whether or not it was negligence on the part of the plaintiff to do so." Again: "I have stated to you before, if it was only moving slowly at the time your plaintiff was attempting to take passage on the car, it was for you to determine in this case whether that effort on the part of the plaintiff to so board the car was negligent or not." To these parts of the oral charge the defendant duly excepted. The instructions so given and excepted to were clearly without the issues made by the pleadings. The complaint averred that the car was standing still when the plantiff attempted to board it, and the alleged negligence and wrong consisted in the moving of the car with a sudden jerk by the defendant's servant while the plaintiff was attempting to get aboard. On this the issue was made. No act of negligence on the part of the defendant, causing plaintiff's injury while attempting to board a moving car, is charged. Nor was there any plea of contributory negligence, affording an issue, that might have properly called for the instructions given. The instructions thus given were affirmative statements by the court as the law of the case, and were not cured by previous or subsequent statements by the court in its oral charge, or in written charges, given at the instance of the defendant, that the burden of proof was on the plaintiff to reasonably satisfy them that the car was standing still when he attempted to board it. With

both instructions given the jury, it would be impossible to say by which the jury would be influenced and controlled.

The court also erred in that portion of its oral charge excepted to by the defendant and which was as follows: "If you find from the evidence that plaintiff attempted to board the car of the defendant when it was dangerous to do so because of the rapid speed of the car, and because of this the plaintiff fell and was injured, then I charge you that, if the alleged injury was so caused by the negligence of the defendant, then your verdict should be for the plantiff." If the "injury was so caused," as the hypothetical statement of facts contained in the charge shows, then it was the plaintiff's own negligence that caused the injury, and, this being so, it is difficult to understand how it could be the defendant's negligence. Certainly the negligence of the defendant mentioned in this part of the court's oral charge could not be the negligence counted on by the plaintiff in his complaint.

The definition by the court in its oral charge of negligence is here assigned and insisted upon as error. The definition given was as follows: "Negligence in law, which gives a right of action, is the doing of an act or the omission of an act which results in injury to another, whereby he is damaged, but without intent to do wrong on the part of the actor. This is simple negligence." In the case of *Birmingham Ry. & Electric Co. v. Bowers*, 110 Ala. 328-331, 20 South. 345, 346, the court, in distinguishing between willful and wanton injury and acts amounting to simple negligence, used the following language: "Mere negligence, which gives a cause of action, is the doing of an act, or the omission to act, which results in damage, but without intent to do wrong or cause damage." This expression was quoted in the case

of *Williamson Iron Co. v. McQueen,* 144 Ala., on page 276, 40 South., on page 310, but without comment. In the connection in which the expression was employed in *Birmingham Ry. & Electric Co. v. Bowers,* 110 Ala. 328, 30 South. 345, we do not understand that it was the purpose of the court to lay down a general definition of simple negligence, but was used merely to distinguish acts of simple negligence from willful, intentional, or wanton acts. As a general definition of simple negligence it is inaccurate and too broad. It would include within its comprehensive view every single act resulting in damage, except those acts where there is an intent to do wrong or cause damage. It furnishes no standard by which to measure the degree of care required by law to be exercised. We prefer as a more accurate definition of negligence, assuming the existence of a duty, that stated in Words and Phrases, vol. 5, p. 4744; "The failure to do what an ordinarily prudent person would have done under the circumstances, or the doing of that which an ordinarily prudent person would not have done." We are not to be understood in what we have said to impinge upon the rule which requires, under some circumstances, the exercise of more than ordinary care, as in the case of a common carrier towards its passenger.

Under the issues made by the pleadings, written charges 23 and 24, requested by the defendant, correctly stated the law and should have been given.

Charge 22 was properly refused. Apart from any other consideration, it presented a question without the issues in the case under the pleadings as shown above.

There was no error in overruling defendant's motion to exclude the statement of the witness Dillard, "Looked like he fell powerful hard and got hurt." This was but a statement of a fact, in the judgment of the witness,

from what he saw. This was said in answer to a question by the plaintiff, and the defendant had no ground to complain that it was not responsive to the question. The rule is that the party asking the question, when the answer is not responsive may object, but not the opposite party.

We have considered those questions insisted on by the appellant, and for the errors indicated the judgment is reversed and the cause remanded.

Reversed and remanded.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.