# Alabama Steel & Wire Company
## *v.* Thompson.

### *Personal Injury Action by Employe.*

(Decided Dec. 21, 1909.  Rehearing denied Feb. 26, 1910.
52 South. 75.)

1 *Master and Servant; Injury to Servant; Evidence; Negligence.*
—Where the negligence counted on in an action for injury to a ser-
vant was the proximate cause of the injury, the fact that other
negligence of the master or of a fellow servant concurred in pro-
ducing the injury, does not prevent a recovery.

2. *Same; Proximate Cause.*—Under the evidence in this case it
was a question for the jury to determine whether the negligence
counted on in the complaint was the proximate cause of the injury.

3. *Same.*—Under the evidence in this case, it was a question for
the jury as to whether the master was guilty of negligence, and
also to determine whether the servant was guilty of contributory
negligence, contributing to the injury.

[Alabama Steel & Wire Company v. Thompson.]

4. *Same; Pleadings.*—Where the action was for injury to a servant on account of defects in the machinery, and the defense was that the servant failed to give information of the defect in the machinery causing the accident, replications averring that the master already had the information and that the servant knew the master had it, were sufficient on demurrer.

5. *Same; Instructions.*—Where the evidence shows that the act done could be safely done, a charge asserting that as a matter of law the servant was guilty of negligence, was properly refused.

6. *Appeal and Error; Harmless Error; Pleadings.*—Where a party can introduce under his other pleadings to which no demurrers were sustained, all the evidence that he would have been entitled to introduce under his pleadings, to which demurrers were sustained, the sustaining of such demurrer was harmless error.

7. *Same; Review; Rulings; Bill of Exceptions.*—Where a party takes exceptions to admissions or rejections of evidence upon the trial, the bill of exceptions must affirmatively show error to his injury, and hence, when objections are sustained to questions asked a witness, the party complaining must show what the answer of the witness would have been, had he been permitted to answer.

8. *Same; Reasons for Decision.*—A general objection to a question is sufficient if, for any reason the question asked the witness was properly excluded.

9. *Evidence; Weight and Sufficiency.*—The jury need not take the version of any one witness, but must consider the entire evidence, and may accept or reject any part of the evidence as to them shall seem right and proper in arriving at a verdict.

10. *Same; Opinion; Facts or Conclusions.*—A question is objectionable as calling for a conclusion which seeks to know whether it was the duty of the engineer to do a certain thing to make the engine work better.

11. *Charge of Court; Ignoring Issues.*—Where the action was for injuries to a servant, and the defense was contributory negligence, a charge asserting that if the evidence reasonably satisfies the jury, that the material averments of the complaint were established, they should find for the plaintiff, pretermits a consideration of the question of contributory negligence, and is erroneous.

12. *Same; Ignoring Evidence.*—Where charges ignore phases of the evidence on which the plaintiff may be entitled to recover, independently of the facts hypothesized in such charge, they are properly refused.

13. *New Trial; Grounds.*—The existence of a conflict in the testimony of plaintiff's witnesses presents a question for the consideration of the jury and does not of itself furnish grounds for the interference of the court by new trial.

14. *Witnesses; Examination; Discretion of Court.*—Where a subject has been previously gone over, it is within the discretion of the trial court to refuse to permit a re-direct examination thereon, where such re-direct examination is not called for by things brought out on the cross.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES W. FERGUSON.

Action by J. M. Thompson against the Alabama Steel & Wire Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The pleadings and evidence are sufficiently stated in the opinion. The following charge was given for the plaintiff: (2) "If the evidence reasonably satisfies the jury that the material averments of any one count of the complaint are true, they will find a verdict for the plaintiff." The following charges were refused to the defendant: (C) "If you believe from the evidence that the plaintiff attempted to place a block under the rope after it had been set in motion by the engineer, and that, while he was so attempting to place the block, the rope continued in motion, but suddenly moved faster, without special warning to him beforehand that it would be moved faster, your verdict should be for the defendant." (D) "If you believe from the evidence that the plaintiff's version or statement of the manner of his injury is true, your verdict should be for the defendant." (E) "If you believe from the evidence that there is an irreconcilable conflict between the plaintiff's account as to how the injury happened, and the account of it as given by the engineer, Ledford, and this conflict is upon a fact or facts material to be ascertained to your reasonable satisfaction before you can find a verdict for the plaintiff, you should find for the defendant." (F) "If you believe from the evidence that the engine started the rope and sheave to moving when plaintiff was not expecting it to move, and when it ought not to have moved without a signal from him for it to move, and that he did not give such signal, your verdict must be for the defendant. If you believe from the evidence that the engine started to move the rope on the sheave just as plaintiff attempted to put the block under the rope, without a signal from the plain-

[Alabama Steel & Wire Company v. Thompson.]

tiff and when the plaintiff had no reasonable ground to believe that it would thus start to move without such signal, your verdict must be for the defendant." (H') "If you believe from the evidence that the engine started to move the rope on the sheave and the sheave just as plaintiff attempted to put the block under the rope, without a signal from him and when he had no right or reasonable ground to apprehend that it would so move without his signal, and if you further believe from the evidence that the engine did not start off from a standstill of its own motion, your verdict must be for the defendant."

WEATHERLY & STOKELY, for appellant.  Counsel discuss the evidence and conclude that the defendant was entitled to the affirmative charge, and that, therefore, the court should have granted its motion for a new trial, and in support of its contentions on this ground cite.— 97 Ala. 630.  They also cite in the same connection.— 97 Ala. 180; 108 Ala. 236; 109 Ala. 600; 735 Ala. 379; Id. 154; 131 Ala. 422; 133 Ala. 333; 39 South. 987; 135 Ala. 614.  They further insist that the court erred in overruling demurrers to the replication to the 4th special plea.—*Gaynor v. Southern Ry. Co.*, 44 South. 652, and cases cited; *Sloss-S. S. & I. Co. v. Mobley*, 139 Ala. 425; *R. & D. v. Weems*, 97 Ala. 270.  The charge given for the plaintiff pretermitted consideration of the defenses interposed.—*Scarbrough v. Blackmon*, 108 Ala. 656; 11 Enc. P. & P. 190; *Hinson v. The State*, 120 Ala. 316.  It was also invasive of the province of the jury.— *R. & D. R. R. Co. v. Greenwood*, 99 Ala. 501.  Counsel discuss the other refused charges and evidence without citation of authority.

FRANK S. WHITE & SONS, for appellee.  The concurring negligence of the master or fellow servant will not

defeat an action against the master, where the other negligence of the master proximately caused the injury. —37 Am. Rep. 491; 4 Thomp. on Neg. section 4856; 2 Lebatt section 813. The court properly denied motion for a new trial.—*Cobb v. Malone,* 92 Ala. 633; *A. M. R. R. Co. v. Brown,* 129 Ala. 286; *Jones v. Tucker,* 132 Ala. 307; *Bir. R. L. & P. Co. v. Lindsey,* 140 Ala. 312. Counsel discuss the action of the court on the pleading, but without citation of authority. They insist that the charge given for the plaintiff was free from error.— *Virginia B. & I. Co. v. Jordan,* 148 Ala. 519. Counsel discuss the charges refused to the defendant, but without citation of authority. They insist that error is not shown affirmatively in excluding the question of the witness objected to as the response was not made known to the court.—*Burgess v. Am. Mtg. Co.,* 115 Ala. 468; *Burns v. The State,* 49 Ala. 373; *Allen v. The State,* 73 Ala. 23; *Perry v. Dana,* 74 Ala. 485.

DOWDELL, C. J.—This cause was tried in the court below on the first and second counts of the complaint. These counts are based on subdivision 1 of the employer's liability statute (section 3910 of the Code of 1907). The pleas were the general issue, contributory negligence, and assumption of risk. Demurrers were interposed to the special pleas, but the rulings of the court on these demurrers are not insisted on as error. Special replications were made to the plea of assumption of risk, and demurrers interposed to the replication, which were overruled as answers to plea No. 4, and sustained as answers to pleas Nos. 5, 6, and 7. The case was tried on evidence introduced by the plaintiff; the defendant offering none. Verdict was returned in favor of the plaintiff, and judgment rendered thereon, from which this appeal is prosecuted.

The refusal of the court to give the peremptory charge in favor of the defendant, as requested in writing, is the first assignment of error insisted on in argument by counsel for appellant.

The evidence without dispute showed that the plaintiff received the injuries complained of, while in the discharge of his duties under his employment with the defendant company. It also showed the existence of the alleged defect in the machinery used in the business of the defendant, in doing the work at which plaintiff was engaged when injured, viz., a defective valve whereby steam was allowed to leak into the steam chest and becoming there an unknown quantity of power in the proper and usual manner of operating the engine if no such defect had existed. The evidence showed that, as a result of the leakage of the steam, the engine worked unevenly, and this, beyond the control of the engineer; and that sometimes it would start of its own motion. The evidence also showed that the alleged defect in the machinery had existed for some time and was known to the defendant or its servant having the superintendence and control of the same.

The plaintiff, testifying as a witness in his own behalf, swore that he was not informed and had no knowledge of the defect before, and up to, the time he received his injury. The plaintiff further testified that at the time he got hurt the engine had come to a full stop, and that he was placing the block under the rope on the sheave, as his duty required, the engine without warning or signal started suddenly, causing his hand to be caught under the rope and his body to be drawn over the sheave, inflicting the injury complained of. If the plaintiff's testimony is to be believed, he was not guilty of any negligence that contributed to his injury, nor was there any assumption of risk by him of the dangers

from the operation of the engine with the defective valve of which he had no knowledge. There was evidence that the leaking valve not only caused the engine to work irregularly, but sometimes to start of its own motion. It was open for the jury to believe and conclude that on the instant occasion the sudden starting of the engine, testified to, might have been caused by the leaking steam. The jury were not bound to take the verson of any one witness. It was their duty to consider the entire evidence, and their province to accept or reject any part of the testimony in arriving at a just verdict.

That there was negligence on the part of the defendant, or of a fellow servant, other than that counted on in the complaint, which concurred in producing the injury, would not avail the defendant a defense, so long as the alleged negligence was a proximate cause of the injury. And whether it was or not in the present case, was a question of fact to be determined by the jury. Taking the whole evidence in this case, in connection with reasonable inferences afforded by undisputed facts in evidence, the trial court would not have been justified in giving the peremptory charge as requested, to find in favor of the defendant, and therefore properly refused it.

The defendant offered no evidence, but rested its case upon that of the plaintiff. On the question of the court's refusal to grant the motion for a new trial, counsel for appellant relies to an extent upon his reasons given in argument on the question of the refusal of the peremptory charge, and to that extent what we have already said on the latter question we think sufficient. It is insisted, however, that the verdict of the jury was against the weight of the evidence, and that for this reason the trial court erred in not granting a

new trial. It may be conceded, as argued by counsel, that there was a conflict. in the testimony of plaintiff's witnesses; but this was a question for the jury to deal with, and peculiarly within the province and outside of the control of the court, and of itself could furnish no reason or just ground for the court to interfere with the verdict.

In the light of the presumption to be indulged by this court in favor of the action of the trial court that had the witness before it, and after a consideration of the whole evidence, we are not prepared to say, under the principles laid down in the leading case of *Cobb v. Malone,* 92 Ala. 630, 9 South. 738, so often followed, that the court below erred in refusing the motion for a new trial.

The fourth plea set up the defense, under the statute (section 3910, Code 1907), of the plaintiff's knowledge of the defective throttle valve and his failure in a reasonable time to give information thereof to the master or some person superior to himself in the service of the defendant, but nevertheless attempted to adjust the rope on the shaft with knowledge of such defect and with knowledge of the danger arising therefrom, and thereby assumed the risk of such dangers. The special replication to this plea, to which demurrers were interposed and overruled, averred that the defendant already had knowledge of the defect, and that plaintiff was aware that defendant knew of it. It would .seem that, as the plea was based on the failure of the plaintiff to give information of the defect, the replications setting up the exception in the statute, viz., that the defendant already had the information and the plaintiff was aware that the defendant had such knowledge, rendered the replications unobjectionable on the grounds of demurrer interposed. But apart from this, the de-

murrers were sustained to the replications as answers to pleas 5, 6, and 7, setting up the defense of assumption of risk and issue was had on the pleas. And under plea 5 the same defense was set up as under plea 4. If, therefore, there was error in the ruling on the demurrer to the replication as an answer to plea 4, it was error without injury. It appears from the record that the defendant was not prejudiced by the ruling.

Charge numbered 2, given at the request of the plaintiff, should have been refused. A similar charge was condemned in *Frierson v. Frazier*, 142 Ala. 232, 37 south. 825, for the reason that it ignored that phase of the defense presented under the plea of plaintiff's negligence, and it was there decided to be reversible error. It is true that the giving of a like charge was held not to constitute reversible error, in the case of *Virginia Bridge & Iron Co. v. Jordan*, 143 Ala. 603, 42 South. 73. In the last-named case no mention was made of the former, and it seems to have been overlooked. The two cases are in conflict on the question before us, and both cannot stand. We adhere to the ruling as first announced in the case of *Frierson v. Frazier*, 142 Ala. 232, 37 South. 825. It follows that the case of *Virginia Bridge & Iron Co. v. Jordan, supra*, on the point in question must be overruled.

Charge C, refused to the defendant, was properly refused. This charge required the court to instruct the jury as matter of law that it would be negligence to attempt to place the block while the engine was in motion, where there was evidence tending to show that this could be done safely.

It follows from what we have already said in respect to the refusal of the court to give the peremptory charge in favor of the defendant, in connection with

the evidence of the plaintiff, heretofore adverted to, that charges D and E were properly refused.

Charges F, G, and H ignore phases of the evidence on which the plaintiff might have been entitled to recover, independent of the facts hypothesized, and were for that, it for no other, reason, properly refused.

No reversible error was committed in sustaining the plaintiff's objection to the question asked the witness Curley, by defendant's counsel, viz., "And if it makes the engine work better that way, it is the engineer's duty to do it, to make it work best?" "The general rule in reference to the admission or rejection of evidence is that the party taking the bill of exceptions must affirmatively show error to his prejudice, or the proceedings will not be disturbed."—*Burgess v. American Mortgage Co.*, 115 Ala. 468-473, 22 South. 282. It is not shown what would have been the answer of the witness had he been permitted to answer. Non constat, it might have been prejudicial to the defendant instead of beneficial. —*Allen v. State*, 73 Ala. 23; *Perry v. Danner*, 74 Ala. 485. Moreover we are of the opinion that the question called for a conclusion. That the objection was general can make no difference, if for any reason it was properly sustained.

The question asked the witness Curley, on recross-examination, to which objection was sustained, as shown by the record, did not call for anything in rebuttal of plaintiff's redirect examination after cross-examination by the defendant. The court stated that it was going over what had already been gone over. It was within the discretion of the court to permit, or not, the question, and the exercise of that discretion will not be reviewed.

The evidence showed that, in the operation of the engine, to unhook the low-pressure engine while the en-

[Alabama Steel & Wire Company v. Thompson.]

gineer was attending the high-pressure engine, would require the presence and aid of another person besides the engineer, and no second person to do this was furnished by the master. The question, therefore: "Can he (meaning the engineer) prevent it some, Don't you know if he unhooks the low-pressure side of the engine he disconnects that side of the engine altogether"— called for material evidence. Moreover, it is not shown what would have been the answer of the witness, if permitted to answer the question.

For the single error indicated, the judgment must be reversed, and the cause remanded.

Reversed and remanded. All the Justices concur.

### ON APPLICATION FOR REHEARING.

PER CURIAM.—After a careful examination of the record by the court en banc, the court is of the opinion that the tendencies of the evidence in this case were sufficient to require the submission of the question of contributory negligence to the jury. This being so, we adhere to the holding that the giving of Charge No. 2, requested by the plaintiff, was reversible error, following the case of *Frierson v. Frazier*, 142 Ala. 232, 37 South. 825, as asserting sound principles of law.

The application for rehearing must, consequently, be overruled.