# Birmingham Railway, Light & Power Company *v.* Walsh.

*Assault and Battery and Ejection.*

\*(Decided January 14, 1913.  60 South. 951.)

*Appeal and Error; Harmless Error.*—Where the action was by passenger for damages for an assault and battery, and for being ejected, and the defense interposed was, that plaintiff was drunk and disorderly and boisterous, to the great inconvenience of the other passengers, that he declined to be ejected, and that in ejecting him, the conductor used no more force than was reasonably necessary, but which defense was not supported by evidence, it was harmless error to instruct the jury that plaintiff was entitled to recover if he had proven either count of the complaint, even if it be said that such instruction ignored the defense.

Appeal from Birmingham City Court.

Heard before Hon. C. W. Ferguson.

Action by J. T. Walsh against the Birmingham, Railway, Light & Power Company for damages for assault

and battery and ejection. Judgment for plaintiff, and defendant appeals. Affirmed.

The complaint alleges the relation of passenger and carrier to have existed between plaintiff and defendant, and in some counts alleges a wrongful ejection, and in other counts an assault and battery committed by the agent of defendant. The defense was that plaintiff was drunk and disorderly, and was boisterous in his conduct and behavior, to the great inconvenience of other passengers on the car, and that he declined to subside or to be ejected, and that in ejecting him the conductor used no more force than was necessary, and that unless this was wrong defendant says that it is not guilty of the wrongs complained of. The charges complained of are as follows: "(1) The plaintiff is not required to prove every count of his complaint in order to recover damages against the defendant, but the proof of any one count is sufficient. (2) If, from the evidence, the plaintiff has proved a single count of his complaint, then he is entitled to recover. (3) Plaintiff is only required to prove one cause of action in this case in order to recover damages, although he may allege several causes of action in his complaint."

TILLMAN, BRADLEY & MORROW, and FRANK M. DOMINICK, for appellant. The charges given for plaintiff ignored the special defense set up, and hence, were erroneous.—*Ala. S. & W. Co. v. Thompson*, 166 Ala. 468; *Frierson v. Frazer*, 142 Ala. 232.

CLARK WILLIAMS, for appellee. The special defense was not supported by the evidence, hence, it was harmless error to give the charge even it may be said to ignore the special defense interposed.—*Home Protection v. Whilden*, 15 South. 567; *Evans v. The State*, 25 South. 175.

[Birmingham Railway, Light & Power Company v. Walsh.]

PELHAM, J.—The charges assigned as error cannot operate to work a reversal in this case on the principle as declared in the cases of *Frierson v. Frazier*, 142 Ala. 232, 37 South. 825, and *Alabama Steel & Wire Co. v. Thompson*, 166 Ala. 468, 52 South. 75; for while these charges ignore the defense presented by the defendant's special plea, the evidence shows beyond controversy that this plea failed, as there was no proof adduced upon the trial to support it. If there had been any evidence adduced upon the trial having a reasonable tendency to support the allegations of the defendant's special plea, then the rulings relied on in the above-cited cases, holding that it is error to give such charges when they ignore a phase of the defense presented under a plea setting up the negligence or wrong of the plaintiff, would have been applicable. But in the case presented on the record before us, the error, if error it be under the conditions, would be without injury, for the reason that the plaintiff was entitled to the general charge on the defendant's special plea. Appellant's counsel in brief candidly admits that, if the plaintiff was entitled to the general affirmative charge on the special plea, then giving the charges in question would be error without injury, but argues that the record contains evidence affording a reasonable inference supporting the allegations of the plea.

We have carefully examined the whole evidence under this suggestion, and do not find it open to a construction authorizing a conclusion that would amount to a reasonable suspicion even that any of the material averments of the plea were sustained by the evidence or the reasonable tendencies thereof, while, on the other hand, the direct and positive testimony, and tendency of the evidence, to refute the facts made the basis of the defense under this plea, is clear and convincing.

The rulings assigned as error do not authorize a reversal of the case, and an affirmance must follow.

Affirmed.

