# Birmingham E. & B. R. R. Co. *v.* Hoskins.

## Injury to Passenger.

(Decided May 20, 1915.  Rehearing denied June 15, 1915.
69 South. 339.)

**1. Appeal and Error; Review; Record; Matters Presented.**—Where the minute entry recited "defendant refiled original demurrers, and by leave of court filed additional demurrers by separate paper to the complaint as amended; the demurrers to plea 2, are by the court heard and considered; whereupon, it is ordered and adjudged that said demurrers be and they are hereby overruled, and issue being joined, etc.," it does not show any ruling on the demurrers as to the amended complaint, and furnishes no basis for an assignment of errors thereon.

**2. Appeal and Error; Harmless Error; Rule 45.**—Where the action was for injury to a passenger in alighting from a street car, and the pleadings and the evidence raised the issue as to contributory negligence, charges purporting to deal with the whole case and undertaking to hypothesize the conditions under which the passenger could recover, but omitting to state her freedom from contributory negligence, as one of the conditions, were erroneous, and could not be held not to have prejudiced the rights of defendant within rule 45, Supreme Court Practice.

**3. Charge of Court; Curing Error.**—Where erroneous instructions were given, omitting to hypothesize contributory negligence as raised by the evidence and the pleading, they were not cured by a general charge correctly stating the law and taking into consideration the question of contributory negligence, nor by a charge directing a verdict for defendant if the jury believe that plaintiff was guilty of contributory negligence.

**4. Carriers; Passengers; Injury; Burden of Proof.**—A passenger suing for an injury received while alighting from a street car does not have the burden of proving that the step of the car was in an unsafe condition when she attempted to alight, and that the unsafe condition was caused by the negligence of the street railway or its employees.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN C. PUGH.

Action by Mrs. Elva Hoskins against the Birmingham, Ensley & Bessemer Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The following charges were given for the plaintiff: (9) It became and was the duty of the defendant to exercise the highest degree of care and diligence, known to careful, diligent, and skillful persons, engaged in such business, to cause plaintiff to alight from said car, and if you find from the evidence in this

case that defendant's agents or servants negligently failed to exercise such vigilance and care, and that plaintiff was injured as a proximate consequence thereof, then your verdict should be for the plaintiff, if you further find that plaintiff was a passenger.

(10) If you find from the evidence in this case that said steps to said car gave way or sank under plaintiff's feet while she was descending from said car, and that this was occasioned by the negligent conduct of said motorman in and about lowering said steps, and plaintiff was injured as a proximate consequence thereof, your verdict must be for the plaintiff, if you further find from the evidence that she was a passenger.

(11) If the jury find from the evidence that the plaintiff should recover, then and in that event, in assessing her damages, they must take into consideration her mental and physical pain and suffering, if they find that she so suffered.

(12) If you find for the plaintiff in this case, in assessing her damages you must take into consideration the permanent effect of said injuries on plaintiff's health, if you believe they were permanent.

The following is charge 4 refused to the defendant: The burden of proof rests upon the plaintiff to prove to your reasonable satisfaction that the step of the defendant's car was in an unsafe condition when plaintiff attempted to alight from said car, and that such unsafe condition was caused by the negligence of the defendant, its servants or agents, before you can find a verdict for the plaintiff in this case.

FORNEY JOHNSTON, and W. R. C. COCKE, for appellant. WHEELER & WHITAKER, and HARSH & FITTS, for appellee.

THOMAS, J.—The complaint consisted of one count, to which, as amended, the defendant (appellant here) refiled the original demurrer, as well as filed additional demurrers.

(1) The first ground of error assigned is that the court erred in overruling these demurrers, but we are uanble to find from the record anywhere that the court took any action whatever on these demrurers; hence there is no basis for the assignment of error. The only mention of demurrers at all in the minute entry is in the following language: "Defendant refiles original demurrers and by leave of court files additional demurrers by separate

paper to the complaint as amended; the demurrers to plea 2 are by the court heard and considered; whereupon it is ordered and adjudged that said demurrers be and they are hereby overruled, and issue being joined, thereupon same a jury," etc.

It would be a stretch of language to say that this ruling on the demurrers had reference to the demurrers to the complaint, as well as to the demurrers to plea 2, when it appears from the recitals of the entry as quoted from the latter—the demurrers to plea 2—were the only demurrers under consideration by the court. What was said by our Supreme Court, speaking to a similar condition of the record in another case, is applicable here: "It may be  *  *  *  that the court intended to rule upon [all] the demurrers presented by the record; but we cannot read the judgment entry contrary to its plain and clear recital in order to put the trial court in error as to demurrers which do not appear to have been considered."—*Ala. Chem. Co. v. Niles,* 156 Ala. 303, 47 South. 239; *Cent. of Ga. Ry. Co. v. Hingson,* 186 Ala. 40, 65 South. 45.

The action was in case, brought by appellee, as a passenger, against appellant as a common carrier by street railway for injuries received in alighting from the car, which were ascribed to the negligence of defendant's (appellant's) servants or agents. There were two pleas—one of the general issue and one of contributory negligence—upon which the case was tried. At the conclusion of the evidence the court gave at the request of plaintiff a number of written charges, its action in doing which is assigned as error. Those numbered 9, 10, 11, and 12 were each clearly erroneous, and not merely misleading, in that they ignored, respectively, the question of contributory negligence, which, under the pleadings and the evidence, was an issue in the case for the jury to determine.—*Frierson v. Frazier,* 142 Ala. 232, 37 South. 825; *L. & N. R. R. Co. v. Christian-Moerlein Brew. Co.,* 150 Ala. 390, 43 South. 723; *Ala. S. & W. Co. v. Thompson,* 166 Ala. 460, 52 South. 75; *A. G. S. R. Co. v. Smith,* 178 Ala. 613, 59 South. 464; *Ala. City v. Bullard,* 157 Ala. 618, 47 South. 578; *Ala. Con. C. & I. Co. v. Heald,* 168 Ala. 626, 53 South. 162; *U. S. C. I. P. Co. v. Driver,* 162 Ala. 580, 50 South. 118; 39 Cyc. 647, 652, 38 Cyc. 1634, 1635; *B. R. L. & P. Co. v. Walsh,* 6 Ala. App. 635, 60 South. 951.

The cases cited constitute the latest holdings by our Supreme Court on the subject—in one of which (*Ala. S. & W. Co. v.*

[Birmingham E. & B. R. R. Co. v. Hoskins.]

*Thompson,* 166 Ala. 460, 52 South. 75), they expressly overrule the case of *Va. Bridge & Iron Co. v. Jordan,* 143 Ala. 612, 42 South. 73, 5 Ann. Cas. 109, which held such a charge merely misleading, and in all of which they impliedly and in effect overrule the cases of *Southern Ry. Co. c. Roebuck,* 132 Ala. 412, 31 South. 611, and *E. T. Va. & Ga. R. R. Co. v. Clark,* 74 Ala. 443, cited by appellee.

(3) The fact that the general charge of the court correctly stated the law and took into consideration the question of contributory negligence, and the further fact that the court gave a written charge for defendant directing a verdict for it in the event the jury believed plaintiff was guilty of contributory negligence on the facts hypothesized in the charge, did not cure the error subsequently made by the court in giving at plaintiff's request the written charges mentioned, which, as stated, ignored the consideration of contributory negligence, and which, as seen, were not merely misleading, but positively erroneous as referred to the evidence.

As has been said by our Supreme Court: "Under our statutes and decisions, while it is true that the jury considers all the charges given, and the oral charge of the court is construed as a whole, yet erroneous statements in written charges are not corrected by correct statements made in the oral or other charge of the court. Under such a rule it would be impossible to tell whether the jury followed the correct statement or the incorrect statement of the law."—*L. & N. R. R. Co. v. Christian-Moerlein Brew. Co.,* 150 Ala. 399, 400, 43 South. 723, 726; *Frierson v. Frazier,* 142 Ala. 232; 37 South. 825; *Ala. Con. C. & I. Co. v. Heald,* 168 Ala. 626, 53 South. 162; *Ala. City v. Bullard,* 157 Ala. 618, 47 South. 578.

If the charges had been merely misleading, a different result might have followed.—*Pollak v. Winter, Adm'r,* 173 Ala. 550, 55 South. 828. The charges here condemned, however, purported to deal, not with one or more elements of the case, but with the whole case—undertaking to hypothesize the conditions under which plaintiff would be entitled to recover, but omitted, as seen, to state as one of such conditions a matter which the law says is essential in connection with the other facts hypothesized, and that is that the jury should believe that the plaintiff herself was not guilty of negligence which proximately contributed to the injury. We feel safe therefore in affirming that the giving of

9—14

[Central of Georgia Ry. Co. v. Goodwater Mfg. Co.]

such charges was not only error but probably injurious error (rule 45, 175 Ala. xxi, 61 South. ix), since there was evidence, at least circumstantial, from which the jury might have inferred that the plaintiff was guilty of contributory negligence, although she and her witness testified to the contrary.

The other written charges given by the court at the instance of plaintiff, while assigned as error, are not insisted upon in brief, and will not be considered.

(4) Charge numbered 4 refused to defendant was properly refused under the pleadings and facts of this case, as is too clear, we think, to require discussion.—3 Hutchinson on Carriers, 1705, 1706, §§ 1414, 1415; *Western Ry. of Ala. v. McGraw,* 183 Ala. 220, 62 South. 772; *Birmingham Union Ry. Co. v. Hale,* 90 Ala. 8, 8 South. 142, 24 Am. St. Rep. 748; *Montgomery Ry. Co. v. Mallette,* 92 Ala. 209, 9 South. 363; *Birmingham, etc., Co. v. Moore,* 148 Ala. 115, 42 South. 1024.

For the errors pointed out, the judgment appealed from is reversed, and the cause remanded.

Reversed and remanded.