(116 So. 123)

## BIRMINGHAM ELECTRIC CO. v. FRIEDMAN. (6 Div. 105.)

Supreme Court of Alabama. March 22, 1928.

1. **Trial** ⚎253(4)—**In action for damage to motorcycle in collision with street car, charge ignoring plea of contributory negligence which was supported by evidence held erroneous.**

Where evidence for defendant in action for damage to motorcycle in collision with street car showed contributory negligence on part of plaintiff's agent or servant who was driving motorcycle, giving of charge ignoring plea of contributory negligence and directing recovery if defendant's agent negligently ran street car against or upon plaintiff's motorcycle *held* error.

2. **Street railroads** ⚎117(5)—**Conflicting evidence as to plaintiff's claim of damages requires submission of claim to jury.**

Where evidence was conflicting as to plaintiff's claim of damages in action for damage to motorcycle in collision with street car, such claim should be submitted to jury.

· Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action for damages by Rhena Friedman, trading as the Friedman Tire & Rubber Company, against the Birmingham Electric Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals, under Code 1923, § 7326. Reversed and remanded.

The following charge was given for plaintiff:

"The court charges the jury that, if they believe from the evidence that defendant's agent, acting within the line and scope of his authority, negligently ran a street car against or upon the plaintiff's motorcycle and demolished or destroyed the same, then you must find a verdict for the plaintiff."

Bradley, Baldwin, All & White, Wm. Douglas Arant, and S. M. Bronaugh, all of Birmingham, for appellant.

The giving of charge requested by plaintiff was error to reverse. B. & E. B. R. Co. v. Hoskins, 14 Ala. App. 254, 69 So. 339; Frierson v. Frazier, 142 Ala. 232, 37 So. 825; U. S. C. I. P. Co. v. Driver, 162 Ala. 580, 50 So. 118; Ala. S. & W. Co. v. Thompson, 166 Ala. 460, 52 So. 75; A. G. S. v. Smith, 178 Ala. 613, 59 So. 464; Johnson v. L. & N., 203 Ala. 86, 82 So. 100; Lewis v. Wallace, 203 Ala. 113, 82 So. 127; Standard Co-op. Co. v. Dearman, 204 Ala. 553, 86 So. 537; Little Cahaba Coal Co., v. Arnold, 206 Ala. 598, 91 So. 586; B. R. L. & P. Co. v. Jones, 146 Ala. 277, 41 So. 146; Auxford Brown Ore Co. v. Hudson, 16 Ala. App. 270, 77 So. 420. The affirmative charge as to count 2 should have been given. L. & N. v. Orr, 121 Ala. 491, 26 So. 35; Peters v. Southern Ry. Co., 135 Ala. 537, 33 So. 332; L. & N. v. Heidtmueller, 206 Ala. 29, 89 So. 191; Bradley v. Johnson, 212 Ala. 330, 102 So. 710. The motion for new trial should have been granted. L. & N. v. Rush, 208 Ala. 516, 94 So. 577; Cudd v. Bentley, 204 Ala. 586, 87 So. 85; Southern Ry. v. Lollar, 135 Ala. 375, 33 So. 32; Twin Tree Lbr. Co. v. Day, 181 Ala. 565, 61 So. 914; Southern Ry. v. Grady, 192 Ala. 515, 68 So. 346.

A. Leo Oberdorfer, of Birmingham, for appellee.

Brief did not reach the Reporter.

SAYRE, J. In a collision between defendant's (appellant's) electric street car and plaintiff's motorcycle the last-named vehicle suffered injury for which a jury awarded damages to plaintiff.

[1] The evidence for defendant, very clearly as it appears to us, tended to show contributory negligence on the part of the driver of the motorcycle, for which plaintiff was liable. The charge given for plaintiff, and made the subject of the first assignment of error, ignored the plea of contributory negligence and the evidence in support of it. The charge should have been refused. Frierson v. Frazier, 142 Ala. 232, 37 So. 825; Alabama Steel Co. v. Thompson, 166 Ala. 460, 52 So. 75; Alabama Great Southern v. Smith, 178 Ala. 613, 59 So. 464. Numerous other cases to the same effect might be cited. We have no brief for appellee and are not informed as to what consideration may have induced the trial court to give this charge. Out of abundance of caution only we note the fact that the driver of the motorcycle was the agent or servant of plaintiff, not a bailee, as in Bradley v. Ashworth, 211 Ala. 395, 100 So. 663.

Defendant also, among other things, complains that it was entitled to have its requested general affirmative charge against the second count which alleged wantonness. On the case shown in the evidence now before the court, it appears that defendant should have had this charge. We cannot, of course, foresee what the evidence may show on another trial and do not intend to predict the result, but if it remains as it now appears, defendant will be entitled to this charge.

[2] On the case as it now stands it was necessary, under the practice prevailing in this jurisdiction, to submit plaintiff's claim of damages, in the first place at least, to the jury, for the evidence, it may be conceded, was in conflict; but, whatever may be said as to the matter of defendant's negligence, the great weight of the evidence went to prove the contributory negligence of plaintiff's servant or employee in charge of the motorcycle.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

---

⚎For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes