176 So. 316

**RAILWAY EXP. AGENCY, Inc., v. CUNIGIM.**

**6 Div. 119.**

Court of Appeals of Alabama.

Oct. 5, 1937.

Bradley, Baldwin, All & White and Kingman C. Shelburne, all of Birmingham, for appellant.

Harrison Kendrick, of Birmingham, for appellee.

RICE, Judge.

The suit was by appellee against appellant claiming damages for personal injuries received by being run "into or against" by an automobile truck.

Appellee requested, and the court gave to the jury, at his request, a number of written charges—specifically, thirty-eight of them.

One of these charges was in the following language, to wit:

"18. The Court charges the jury that if the plaintiff and his witnesses testify to one version of the transaction alleged in the complaint, and if defendant and its witnesses testify to another, then if that given by the plaintiff and his witnesses is the more reasonable one, and reasonably satisfies the jury of its truth, then you must find for the plaintiff.

"Given, Denson, J."

This charge could not be said to be merely misleading; it was positively erroneous. By the pleadings the plea of "contributory negligence" was definitely in the case. It was supported by substantial evidence.

The giving by the court of the above-quoted written charge 18 completely took away from the jury any consideration of appellant's said plea of "contributory negligence," and the evidence in support thereof. Everything set out in the single count of the complaint could have been true, and

yet the jury might have found, had it been allowed to consider same, that appellant's defense of "contributory negligence" debarred appellee a right to recover.

Of course nobody can say what the jury would have found as to this; but surely, we believe, they should not have been denied the right to consider the matter.

For the error in giving this written charge 18 the judgment must be, and is, reversed, and the cause remanded. Frierson v. Frazier, 142 Ala. 232, 37 So. 825; Birmingham, etc., v. Hoskins, 14 Ala.App. 254, 69 So. 339; United States Cast Iron Pipe & Foundry Co. v. Driver, 162 Ala. 580, 50 So. 118; Alabama Steel & Wire Co. v. Thompson, 166 Ala. 460, 52 So. 75; Alabama Great Southern R. Co. v. Smith, 178 Ala. 613, 59 So. 464; Johnson v. L. & N. R. R. Co., 203 Ala. 86, 82 So. 100; Lewis v. Wallace, 203 Ala. 113, 82 So. 127, and other cases that might be cited.

Reversed and remanded.