[Republic Iron & Steel Co. v. Howard.]

# Republic Iron & Steel Co. *v.* Howard.

### Injury to Servant.

#### (Decided June 8, 1916.  72 South. 263.)

1. **Master and Servant; Injuries to Servant; Course of Employment.**—If a servant voluntarily abandons the service his employment contemplates to assist another servant, and is injured while so engaged, the master is not liable.

2. **Same; Jury Question.**—Under the evidence in this case it was a question for the jury whether the servant injured was injured in the course of his employment.

3. **Charge of Court; Misleading.**—Where a charge given is merely questionable or possibly misleading, its giving will not be held error if the adverse party fails to request an explanatory charge.

4. **Same; Covered by Those Given.**—It is not error to refuse charges which are substantially covered by charges given.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by J. P. Howard against the Republic Iron & Steel Company, for damages for injury suffered while in its employment.  Judgment for plaintiff and defendant appeals.  Affirmed.

Transferred from Court of Appeals.

PERCY, BENNERS & BURR, for appellant.  ALLEN, FISK & TOWNSEND, for appellee.

McCLELLAN, J.—Action for damages, by servant (appellee) against the master, on account of personal injuries received while engaged in the master's service.  The two counts submitted to the jury were drawn to state a cause of action under the first subdivision of the Employers' Liability Act.—Code, § 3910.

The plaintiff, Stone, and King were employees of the defendant and were engaged in mining for their employer.  At the time plaintiff was injured, he had responded to the request of King and Stone to assist them in easing a loaded car down an inclined tram track to a point where the motor, operated by the defendant's servants, would remove the car.  The plaintiff's contention was that, while King and Stone were holding the car from its rear and he was pushing against it on its front, electric current

was communicated to the metal car, passed therefrom into Stone and King and caused them to release their holds upon the car, thus leaving the plaintiff to the unequal task of restraining the car on the incline. The car, he asserts, pushed him down until its collision with another car standing below pressed him between them and injured him. There was evidence tending to support the plaintiff's theory and to charge the defendant with negligence in failing to remedy the defect caused by the electrifying, at certain points on the tram track, of these cars with which the performance of their services required physical contact.

(1) It is insisted for appellant that plaintiff was not entitled to recover because he was injured at a time and in a service outside of the duties of his employment, viz., while he was voluntarily assisting King and Stone, or either, in letting down their or his loaded car. Of course, if plaintiff voluntarily abandoned the service his employment contemplated, and was injured while so engaged, defendant was not accountable to him in his action.

(2) Our opinion is that the defendant was not entitled to the general affirmative charge on that theory. There was evidence from which the jury might have concluded that the service in which plaintiff was engaged when injured was a service contemplated in his employment. The witness King testified:

"We used to help each other let the car down off the hill every time. We was all working there together, you know, in that way, and we had to help each other let the cars out of these rooms. * * * It took two men to show (shove) the car out of the room( to where it went down the hill, and it took about three to hold it."

He and the plaintiff testified that one man could not hold the loaded cars on the incline, that it took the efforts of all of them to hold the cars. The plaintiff testified that there was no other way of getting the car out than the one adopted; that "this was the method used in that mine for getting cars down the slope, one man holding behind and one in front;" that this was the usual method observed by these three men in moving the cars down the incline. If the jury accepted the testimony, offered by the plaintiff, going to show that the method observed on this occasion was the customary method for the performance of that service, and that it was the only practical method whereby the loaded cars could be moved down the incline, undoubtedly it then, at least, became a question for the jury whether this service was

[Bank of Phoenix City v. Taylor.]

within the range of plaintiff's duties under his employment.

(3) The court will not be put in error for giving, at plaintiff's request, the special instruction quoted in the second assignment of error. It would have been better to have affirmatively restricted the basis of plaintiff's right to recover to negligence charged in the complaint. If the defendant thought this charge possessed a possible tendency to mislead the jury—a very doubtful matter in view of the short and simple evidence to which the charge must be referred—an explanatory charge should have been requested by the defendant.

(4) The special instruction copied in the third assignment of error was substantially covered by another special instruction given for defendant. It was not error to refuse the substantial duplicate.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.