(82 South. 100)

JOHNSON v. LOUISVILLE & N. R. CO.
(6 Div. 912.)

(Supreme Court of Alabama. May 1, 1919. Rehearing Denied May 22, 1919.)

1. RAILROADS &roooo351(11) — ACCIDENT AT CROSSING — INSTRUCTION — DUTY OF ENGINEER.

In action for death at railroad crossing, instruction as to the right of the engineer to assume that one driving an automobile towards a crossing will stop before the approach of the train *held* not erroneous; Code 1907, § 5473, requiring slackening of speed of train before entering a curve crossed by a public road, not applying, there being no curve in the track at the crossing in question.

2. TRIAL &roooo256(2)—INSTRUCTIONS—MISLEADING CHARGE.

A charge given on request which is inapt or misleading when considered under the facts of a case should be explained or qualified by a countercharge.

3. TRIAL &roooo253(9) — INSTRUCTION IGNORING ISSUE OF CONTRIBUTORY NEGLIGENCE.

In action for death of a passenger riding in an automobile at railroad crossing, requested charge ignoring negligence of deceased *held* properly refused; there being evidence from which the jury could infer that deceased discovered the danger and could have escaped by exercising ordinary care.

4. NEGLIGENCE &roooo93(1)—NEGLIGENCE OF AUTOMOBILE DRIVER IMPUTABLE TO PASSENGER.

Negligence of driver of automobile cannot be imputed to a passenger having no control over its movements.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action by Bill Johnson against the Louisville & Nashville Railroad Company. Judgment for defendant, and plaintiff appeals. Affirmed.

At the request of the defendant the court gave the following charge:

(1) An engineer or fireman in control of a locomotive is entitled to assume that an apparently competent person driving an automobile towards a crossing and in the clear of the track will stop before he reaches the track, and the engineer or fireman is under no duty to stop or slacken the speed of that locomotive until it becomes reasonably apparent to such engineer or fireman, in the exercise of reasonable care, that such person is about to drive such automobile on or dangerously near the track.

The following charge was refused plaintiff:

(1) The word "sole," as used in a written charge given at the request of the defendant, means "only," and if the defendant's agents were guilty of any negligence such as is charged in the complaint proximately causing the death of George Johnson plaintiff should recover.

Burgin & Jenkins, of Birmingham, for appellant.

Tillman, Bradley & Morrow and T. A. McFarland, all of Birmingham, for appellee.

ANDERSON, C. J. [1, 2] The defendant's given charge (which we mark 1) was a correct statement of law, and the giving of same was not reversible error. Sington v. Birmingham Ry., 76 South. 48.[1] If the charge was inapt or misleading when considered under the facts of this case, it should have been explained or qualified by a countercharge. Republic v. Howard, 196 Ala. 663, 72 South. 263. Nor can we say that the charge was erroneously given because of section 5473 of the Code of 1907, requiring the slowing of the train before reaching the crossing in question. This statute contemplates a slackening of speed before entering a curve crossed by a public road, if the engineer cannot see one-fourth of a mile ahead. The curve here was not crossed by the road, as the undisputed evidence shows that it was some distance beyond said road.

[3, 4] There was no error in refusing the plaintiff's requested charge 1. It ignores the contributory negligence of the deceased, and instructs a finding for the plaintiff upon the facts hypothesized, notwithstanding the deceased may have been guilty of proximate contributory negligence. Alabama Steel & Wire Co. v. Thompson, 166 Ala. 460, 52 South. 75, wherein the case of Frierson v. Frazier, 142 Ala. 232, 37 South. 825, was followed, and the case of the Virginia Bridge Co. v. Jordan, 143 Ala. 603, 42 South. 73, 5 Ann. Cas. 709, was overruled; Age-Herald v. Waterman, 188 Ala. 272, 66 South. 16, Ann. Cas. 1916E, 900. Of course, the deceased, being a passenger for hire and having no control over the driver Fields, could not have the conduct of said driver imputed to him. Cent. of Ga. R. R. v. Jones, 195 Ala. 378, 70 South. 729; Birmingham-Tuscaloosa R. R. v. Carpenter, 194 Ala. 141, 69 South. 626. But there was evidence from which the jury could have inferred independent negligence upon the part of the deceased; that is, that he could have saved himself by the exercise of ordinary care after becoming aware of his

peril. Whether slight or strong, there was some evidence that he was on the running board facing and looking for the train and that the automobile slowed down - before reaching the crossing; and so long as the jury could infer that the deceased discovered the danger and could have escaped by the exercise of ordinary care, the issue should have been left to them, and not excluded from their consideration by the giving of plaintiff's requested charge which was properly refused.

The judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.