(97 South. 653)
ALABAMA POWER CO. v. PENTECOST.
(7 Div. 421.)

(Supreme Court of Alabama. Oct. 11, 1923.)

1. Street railroads ⊙➡81(5) — Lookout required.

Where the rails of a street car track were so imbedded in the street that the track was but a part of the street, it was the duty of those in charge of the street car to keep a constant lookout for those using the street, whether frequently used or not.

2. Street railroads ⊙➡81(5)—Frequency of use of street immaterial in determining duty of lookout.

Frequent or infrequent use of street is not material in determining street car company's duty of keeping a lookout.

3. Negligence ⊙➡93(1) — Automobile driver's negligence not imputable to guest.

In an action against a street car company for injuries received in a collision, the negligence of the automobile driver, over whom plaintiff, as his guest, had no control, could not be imputed to plaintiff, defeating his recovery.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Action for damages by Joseph L. Pentecost, by his next friend, J. D. Pentecost, against the Alabama Power Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals, under Acts 1911, p. 450, § 6. Affirmed.

The defendant excepted to this portion of the court's oral charge:

"A motorman, in charge of a street car running upon a track which is imbedded in and forms a part of the street, is charged by the law at all times, where his car is in a street which is frequently or which is seldom used by the public, with constant watchfulness for those who in using or crossing the street go upon or in dangerous proximity to the track."

Charge 3, refused to defendant, is as follows:

"(3) I charge you, gentlemen of the jury, that if you believe from the evidence in this case that the plaintiff could, by the reasonable exercise of the faculties of sight and of hearing at or before the time of the collision, have discovered the approaching street car in time to have prevented the collision between the street car and the automobile in which plaintiff was riding, by warning the driver of the automobile and protesting a continuance of the movement of the automobile fraught with danger to the occupants of the automobile, it was plaintiff's duty so to do; and if you believe from the evidence plaintiff's failure to so exercise his faculties of sight and hearing, and this failure proximately caused his alleged injuries, you cannot find for the plaintiff under count 4 of the complaint."

Hood & Murphree, of Gadsden, for appellant.

The court erred in its oral instruction to the jury and in its refusal to give defendant's charge 3. Huddy on Automobiles, § 114; McGeever v. O'Byrne, 203 Ala. 266, 82 South. 508; C. of G. v. Jones, 195 Ala. 378, 70 South. 729; Johnson v. L. & N., 203 Ala. 86, 82 South. 100.

Disque & Disque, of Gadsden, for appellee.

The excerpts from the court's oral charge, to which exception was taken, are correct statements of the law. Sheffield Co. v. Harris, 183 Ala. 363, 61 South. 88; B. R., L. & P. Co. v. Barranco, 203 Ala. 639, 84 South. 839; B. T. U. Co. v. Carpenter, 194 Ala. 141, 69 South. 626; Birmingham Sou. Ry. v. Harrison, 203 Ala. 284, 82 South. 534. Charge 3, requested by defendant, does not correctly state the law. B. R., L. & P. Co. v. Barranco, supra.

ANDERSON, C. J. [1, 2] The plaintiff was injured while the guest of one Thornton, whose automobile was being driven by him when it collided with the defendant's street car. The place of the collision was upon a street in the city of Gadsden, in which the rails of the defendant's track were so imbedded therein that said track was but a part of the street, and it was the duty of those in charge of said street car to keep a constant lookout for those using the street, whether frequently used or not. Sheffield Co. v. Harris, 183 Ala. 363, 61 South. 88. The fact that the use of the street was frequent or infrequent might be a factor in a charge of wantonness, but is not material as to the legally imposed duty of keeping a lookout. The trial court did not err as to exception No. 1 to the oral charge.

[3] There was no error in the second exception to the oral charge, to wit:

"The negligence of the driver of the automobile, over whom the plaintiff had no control, would not be and could not be imputed to the plaintiff, thereby defeating his recovery."

This is the law, and the undisputed evidence showed that plaintiff was the guest of the driver and had no control over him. Cen. of Ga. v. Jones, 195 Ala. 378, 70 South. 729, and cases there cited.

There was no error in refusing the defendant's requested charge 3. If not otherwise faulty, it in effect required the plaintiff to keep a lookout when it was not his duty to do so. Jones Case, supra. As brought out in said Jones Case and the case of Johnson v. Louisville & N. R. Co., 203 Ala. 86, 82 South. 100, if the plaintiff knew of the approach of the car and failed to warn the driver, or to escape, he might be guilty of negligence; but these cases do not impute to him the negligence of the driver as to looking and listening.

The exceptions to the rulings upon the evidence are without merit, and the criticism of same is hypercritical.

The judgment of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.