FEORE v. TRAMMEL. (I Div. 348.)

(Supreme Court of Alabama. June 11, 1925.)

1. **Appeal and error** ⬅1056(1)—**Exclusion of testimony on issue of ownership of colliding automobile held not harmful.**

Where issue, in action for injuries, was whether defendant or her daughter owned automobile, exclusion of testimony of witness, in response to question whether he knew whose car it was, that he knew only what the daughter had told him, held not harmful; he not having testified what the daughter had told him.

2. **Evidence** ⬅317(5)—**Statement of defendant's daughter after accident that she owned car held properly excluded as hearsay.**

Statement of defendant's daughter, after automobile accident, that she owned the car, held properly excluded as hearsay as regards defendant's liability.

3. **Appeal and error** ⬅231(3)—**Ruling sustaining general objection will on appeal be sustained, if any good reason would exclude testimony.**

Ruling sustaining general objection to question will on appeal be sustained, if any good reason would exclude testimony sought by question.

4. **Evidence** ⬅272 — **Self-disserving statement by defendant on issue of ownership of colliding car, made when no trouble was anticipated, was competent.**

On the issue whether automobile, which collided with another, was owned by defend-

ant or by her daughter, who drove the car, a self-disserving statement by defendant at a time when there was no reason to anticipate trouble would have been competent without regard to its connection with possession or other concrete act of ownership.

**5. Appeal and error** ⊚═692(1)—**Exclusion of testimony to answer propounded held not error, in absence of showing of expected answer.**

Where issue was whether defendant or her daughter owned the car which collided with another, exclusion of question whether witness had heard defendant make a statement as to whose car it was *held* not reversible error, in the absence of a showing of expected answer, in view of nonprejudicial nature of possible answer that defendant stated she owned the car.

**6. Evidence** ⊚═269(1)—**Declaration defendant intended to give car to daughter, offered on issue of ownership, held admissible.**

In action for injuries received in collision, involving the question whether defendant or her daughter owned automobile, statement of defendant before the accident occurred that she intended to give her daughter a car was admissible.

**7. Witnesses** ⊚═392(1)—**Sworn application to judge of probate for certificate of ownership of car held properly admitted to contradict affiant's testimony.**

On the issue whether car driven by defendant's daughter, and which struck the car in which plaintiff was riding, was owned by defendant or her daughter, defendant's sworn application to judge of probate subsequent to accident for a certificate of ownership, in which she stated she had purchased or acquired the car previous to the accident, *held* properly admitted, when tending to contradict defendant's testimony.

**8. Master and servant** ⊚═332(4)—**Instruction as to ownership of car causing injury held proper.**

In action for injuries caused by a car driven by defendant's daughter, involving question whether defendant or her daughter owned the car, instruction *held* to merely tell jury that ownership was a circumstance to be considered, but was not conclusive, and not to tell them that under the facts defendant could be liable if she did not own the car.

**9. Master and servant** ⊚═332(4)—**Instruction as to effect of driver's relationship to defendant and membership in family held not error.**

In action for injuries caused by a car driven by defendant's daughter, instruction as to effect of relationship, and fact that the daughter lived under her mother's roof, and as a member of the family, *held* not error.

**10. Trial** ⊚═256(6)—**Incumbent upon party apprehending prejudice in charges to request additional charges.**

It was incumbent on party apprehending prejudice in charges on respondeat superior as not sufficiently full to request additional charges.

**11. Master and servant** ⊚═332(4)—**Instruction on issue of agency in driving car held objectionable in employing word "instance" instead of "command."**

Instruction to find for plaintiff, if defendant was owner of car involved in collision, and if her daughter at her "instance," express or implied, drove the automobile to carry her sister to school, and had no other purpose, etc., *held* objectionable for having used the word "instance" instead of "command"; "instance" not implying the same degree of obligation to obey as does "command," especially as applied to defendant's daughter, who, though financially dependent upon her mother, was of full age.

[Ed. Note.—For other definitions, see Words and Phrases, First Series, Command; First and Second Series, Instance.]

**12. Trial** ⊚═194(16)—**Charge held error as requiring jury to find verdict for plaintiff on facts hypothesized.**

Instruction that, if jury found that defendant owned car causing injuries, and that daughter drove it at defendant's instance, and had no other purpose, etc., "they ought to find a verdict for the plaintiff," *held* erroneous as invading the province of jury.

**13. Gifts** ⊚═51—**Charge on gift of automobile held involved and misleadng.**

A charge that, if defendant made a verbal gift to her daughter of the automobile, which the daughter was driving when it collided with plaintiff, but custody, control, management, and use did not pass from defendant to her daughter, and automobile was not possessed by the daughter, jury should treat automobile as property of the defendant, *held* involved and misleading.

**14. Gifts** ⊚═18(2)—**When verbal gift of automobile operates to transfer car stated.**

A verbal gift of an automobile does not transfer the property to the person to whom the gift is made until the custody, control, management, and use of the property passes from the giver to the donee, and is possessed by such person.

**15. Master and servant** ⊚═302(2) — **Daughter driving car by mother's instructions held within scope of employment, though not following most direct route.**

If automobile was owned by driver's mother, and she instructed driver to take another daughter to school, and driver obeyed the instructions, and had no other purpose in driving, she was acting within line or scope of her employment while returning home, and failure to take most direct route did not necessarily take her outside the scope of her employment; and, if she negligently collided with plaintiff, defendant was liable.

**16. Master and servant** ⊚═332(4)—**Instruction that owner of car, permitting daughter to operate for daughter's pleasure, not responsible held improperly refused.**

An instruction, stating that an owner of a car who merely permitted her daughter to operate it for the daughter's own pleasure was not liable for the negligent driving of the daughter, *held* necessary and improperly refused.

---

⊚═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**17. Master and servant ⬤332(4) — Use of word "merely" in charge on liability of owner of car permitting another to drive for own pleasure held not objectionable.**

Use of the word "merely," in a requested charge that, if owner of a car merely permitted her daughter to operate the car for the daughter's own pleasure, the owner was not liable for the negligent driving of the daughter, *held* not to render the charge objectionable.

**18. Master and servant ⬤332(4)—Charge as to liability of owner of car for negligent driving of one permitted to drive for own pleasure held objectionable.**

Requested charge that, if the automobile which struck plaintiff was being driven by defendant's daughter on her own business or pleasure, defendant as the owner of the car was not liable for the negligent driving of the daughter, *held* objectionable as not excluding the motion that the daughter might have been operating the car on defendant's business and for her own pleasure at the same time.

**19. Master and servant ⬤332(4)—Requested charge as to liability of owner for negligent driving of another permitted to drive car for own pleasure held not misleading.**

Where it appeared that defendant's daughter struck plaintiff while driving car back from school to which she had driven her younger sister, charge that, if defendant merely permitted daughter to operate the car for the daughter's own pleasure, defendant was not responsible, *held* not misleading as possibly referring to the pleasure of the younger daughter.

**20. Master and servant ⬤332(4) — Charge as to liability of owner of car for driver's negligence held not objectionable as failing to specify time and place of accident.**

Requested charge that, if defendant merely permitted her daughter to operate car for the daughter's own pleasure, defendant was not liable for the negligent driving of the daughter, *held* not objectionable as failing to specify time and place of accident.

**21. Master and servant ⬤332(4)—Requested charges as to liability of owner of car for driver's negligence held objectionable for using phrase "in furtherance of defendant's business."**

Requested charges as to liability of owner of automobile for negligent driving by daughter permitted to operate car *held* objectionable in using the phrase "in furtherance of defendant's business," or the like, as precluding possibility that the daughter may have been operating the car as the agent or servant of the owner, and in the scope of her employment, and yet not in furtherance of owner's business.

**22. Master and servant ⬤332(4)—Requested charge on liability of owner of car for negligent driving of one sent on errand held properly refused.**

Requested charges that, if, after defendant's daughter had carried her sister to school, she then drove defendant's automobile on a mission of her own or for her own pleasure, defendant was not liable for the negligent driving thereafter of the daughter, *held* properly refused.

**23. Master and servant ⬤332(4)—Requested charge on liability of owner of car for negligent act of one driving after completion of errand held properly refused.**

Requested charge that, if defendant's daughter, in driving an automobile, had completed the mission assigned to her by defendant, defendant was not liable to plaintiff for negligent driving thereafter of the daughter, *held* properly refused.

**24. Trial ⬤253(4)—Requested charges conveying belief that principal could not be liable for negligent driving of agent, if negligence of another contributed to injury, held properly refused.**

Requested charges which tended to lead jury to conclude that defendant, however negligent her agent in driving an automobile, was not to be held liable, if the negligence of the driver of the car with which the agent collided contributed to plaintiff's injury, were properly refused.

**25. Trial ⬤260(1)—Refusal to give requested charges, covered by charge, given, held not reversible error.**

Refusal to give requested charges, covered by charge given, *held* not reversible error.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Action for damages by Ruby M. Trammel against Anna M. Feore. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

See, also, 212 Ala. 325, 102 So. 529.

These excerpts from the oral charge of the court were excepted to by defendant:

"Now, the question as to the title to the automobile in question—that is not the controlling factor of liability in this case. The defendant could be liable, or could not be liable, if she in fact owned the Maxwell automobile, or she could be, or could not be, liable if she did not own the Maxwell automobile."

"So, likewise, is the question of the paternal relationship of the daughter in the case to the mother. Ordinarily that is a matter immaterial to lawsuits in an ordinary proposition where a child is 21—ordinarily that is not a material issue in the case, but in the incident [instant] case the relationship of the family living under one roof is a matter which may be taken by the jury into consideration in arriving at whether or not, at the time of the accident, the daughter, Miss Esther Feore, was then and there carrying out as an agent or servant the instructions of her mother."

"However, the relationship of mother or daughter or whatever that relationship, there is no presumption of agency on the part of this young lady other than what the evidence discloses under all of the circumstances in the case; and what inference you may reasonably draw from the fact, if it be a fact, established to your reasonable satisfaction by the evidence in the case, that she was, at the time, living in the same house with her mother and whether or not she was at that time doing errands for and at the instance of her mother, either by express or implied instructions, is

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

a question for you to determine and the court has nothing to intimate as to the course you should pursue on that subject."

These charges were given for plaintiff:

"(1) If the jury are reasonably satisfied from the evidence that the defendant was the owner of the automobile that collided with the automobile in which the plaintiff was riding, and that her daughter Miss Esther Feore at the instance of defendant, express or implied, drove such automobile for the purpose of carrying her sister, Miss Barbara Feore, to school, and had no other purpose in driving said automobile on that occasion, and had carried her said sister to school, and while returning therefrom the collision took place, and that such collision was proximately caused by the negligent driving of said Esther Feore, they ought to find a verdict for the plaintiff.

"(2) If the jury are reasonably satisfied from the evidence that the defendant made a verbal gift to her daughter Esther Feore, of the automobile that the daughter was driving at the time of the collision with the automobile in which the plaintiff was riding, but they are not reasonably satisfied from the evidence that the custody, control, management, and use of the automobile passed from the defendant to her said daughter, and that the automobile was possessed by the daughter, then in considering their verdict they should treat the automobile as the property of the defendant.

"(3) A verbal gift of an automobile does not operate to transfer the property to the person to whom the gift is made until the custody, control, management, and use of the property passes from the giver to the person to whom the gift is made and is possessed by such person.

"(4) The court instructs the jury that, if you are reasonably satisfied from the evidence in this case that the automobile driven by Miss Esther Feore at the time of the accident belonged to Mrs. Anna M. Feore, the defendant in this case, and she instructed her daughter to take Miss Barbara Feore to school on the morning of the accident, and Miss Esther Feore, obeying the instructions of her mother, drove Miss Barbara Feore to school, and at the time of the accident she was returning home, and had no other purpose in driving said automobile on that occasion, then she was acting within the line or scope of her employment by the defendant, and the fact that she was not taking the most direct route to go home, would not necessarily take her without the line or scope of her employment by her mother, and if you are further reasonably satisfied from the evidence in this case that Miss Esther Feore negligently drove her car against the car in which the plaintiff was riding and as a proximate result of such negligence the plaintiff was injured, you should find a verdict for the plaintiff."

These charges were refused to defendant:

"(18) The court charges the jury that they must find a verdict for the defendant, unless they are reasonably satisfied from the evidence in this case that the automobile was being driven by the said Esther Feore in furtherance of the business of the defendant, and that it was used under the control of the defendant and connected with her affairs.

"19. The court charges the jury that, if they are reasonably satisfied from the evidence that the defendant merely permitted her daughter Esther Feore to operate the car for the daughter's own pleasure, they cannot find a verdict for the plaintiff.

"(20) The court charges the jury that, if the said automobile was being driven by Esther Feore for her own pleasure or on her own business, and was not being driven in furtherance of the defendant's business, the defendant is not liable, and your verdict must be for the defendant.

"(21) The court charges the jury that, if they are reasonably satisfied from the evidence that the defendant merely permitted the daughter to use the automobile for her own business or pleasure, the defendant is not liable for the daughter's negligence in driving or operating said automobile, and you must find a verdict for the defendant."

"(52) The court charges the jury that, if they are reasonably satisfied from the evidence in this case that the automobile was being driven by Esther Feore on her own business or pleasure, you cannot find a verdict for the plaintiff under the third count of the complaint."

"(66) The court charges the jury that they cannot find a verdict for the plaintiff under the third count of the complaint unless they are reasonably satisfied from the evidence in this case that the automobile was being driven by the said Esther Feore in furtherance of the business of the defendant, and that it was used under the control of the defendant and connected with her affairs."

"(68) The court charges the jury that, if they are reasonably satisfied from the evidence that the defendant merely permitted her daughter, Esther Feore, to operate the car for the daughter's own pleasure, they cannot find a verdict for the plaintiff under the third count of the complaint."

"(70) The court charges the jury that, if the said automobile was being driven by Esther Feore for her own pleasure or on her own business, and was not being driven in furtherance of the defendant's business, the defendant is not liable, and you cannot find a verdict for the plaintiff under the third count of the complaint."

"(72) The court charges the jury that, if they are reasonably satisfied from the evidence that the defendant merely permitted her daughter to use the automobile for her own business or pleasure, the defendant is not liable for the daughter's negligence in driving or operating said automobile, and you cannot find a verdict for the plaintiff under the third count of the complaint."

"B. The court charges the jury that, if they are reasonably satisfied from the evidence that Esther Feore was acting as the servant or agent of the defendant within the line and scope of her employment when she carried her sister to school, you cannot find for the plaintiff if you also find from the evidence that after leaving her sister at school she then drove the automobile on a mission of her own or for her own pleasure.

"C. The court charges the jury that, if you find from the evidence that after Esther Feore had carried her sister to school she then drove the automobile on a mission of her own or for her own pleasure, you cannot find for the plaintiff.

"D. The court charges the jury that, if they believe from the evidence that Esther Feore had completed the mission assigned her by the defendant when she left Barbara Feore at school, you cannot find for the plaintiff."

Inge & Bates, of Mobile, for appellant.

Statements made by one in possession of personal property explanatory of his possession are admissible in evidence as res gestæ of such possession. Wright v. Smith, 66 Ala. 514; Roberts, etc., Co. v. Ringemann, 145 Ala. 678, 40 So. 81. Acts of the donor and donee subsequent to an alleged gift, showing the claim of title by the donee and its recognition by the donor, are admissible as part of the res gestæ. Bragg v. Massie's Adm'r, 38 Ala. 89, 79 Am. Dec. 82. Likewise declarations of the donor made previous to the consummation of the gift. Gillespie's Adm'r v. Burleson, 28 Ala. 551. The owner of an automobile is not responsible for the act of her adult daughter while she was driving it, unless the daughter was the agent or servant, express or implied, of the mother, and the relation of parent and daughter does not of itself alone establish agency. Erlich v. Heis, 193 Ala. 669, 69 So. 530; Parker v. Wilson, 179 Ala. 361, 60 So. 150, 43 L. R. A. (N. S.) 87; Armstrong v. Sellers, 182 Ala. 582, 62 So. 28; Gardiner v. Solomon, 200 Ala. 115, 75 So. 621, L. R. A. 1917F, 380; Doran v. Thomsen, 76 N. J. Law, 754, 71 A. 296, 19 L. R. A. (N. S.) 335, 131 Am. St. Rep. 677; Heissenbuttel v. Meagher, 162 App. Div. 752, 147 N. Y. S. 1087. The owner of an automobile is not legally liable for damages inflicted in its operation, unless the driver at the time of the accident was acting as the agent or servant of the owner of the car and within the line and scope of his agency or employment. Powers v. Williamson, 189 Ala. 600, 66 So. 585; Atkins v. Points, 148 La. 958, 88 So. 231; Valley v. Clay, 151 La. 710, 92 So. 308; Marullo v. St. Pasteur, 144 La. 926, 81 So. 403; Dempsey v. Frazier, 119 Miss. 1, 80 So. 341; Beville v. Taylor, 202 Ala. 305, 80 So. 370. Where there is conflict in the evidence, so that the general affirmative charge should not be given, it is still the duty of the court to grant a new trial, where the jury made a wrong decision. Gilchrist-Fordney Co. v. Bearry, 210 Ala. 472, 98 So. 478.

Smiths, Young, Leigh & Johnston, of Mobile, for appellee.

Statements as to title or ownership of the car were not admissible, unless made at the time the maker was in possession. McBride v. Thompson, 8 Ala. 650; Cohn Lbr. Co. v. Robbins, 159 Ala. 289, 48 So. 853; Hadden v. Powell, 17 Ala. 314. The statement of Mrs. Feore prior to the gift of the car to her daughter was hearsay. McAdams v. Beard & Henderson, 34 Ala. 478. The oral charge was a correct statement of law. Penticost v. Massey, 201 Ala. 261, 77 So. 675. Charge 1,

given for plaintiff, was correct. Erlich v. Heis, 193 Ala. 669, 69 So. 530; Hudgens v. Boles, 208 Ala. 67, 93 So. 694; Wedge v. Gapinski, 177 Wis. 471, 188 N. W. 476; Houseman v. Karicofe, 201 Mich. 420, 167 N. W. 964; Benton v. Regeser, 20 Ariz. 273, 179 P. 966. Charges 2 and 3, given for plaintiff, correctly state the law. Code 1923, § 6896. Likewise charge 4. Jones v. Strickland, 201 Ala. 138, 77 So. 562. Charges 18, 20, 21, 66, 70, and 72, refused to defendant, are defective. Jones v. Strickland, supra. Likewise charge 19. Erlich v. Heis, 193 Ala. 669, 69 So. 530; C. of G. v. Bagley, 173 Ala. 611, 55 So. 894; McCary v. A. G. S., 182 Ala. 597, 62 So. 18.

SAYRE, J. The action is by appellee for personal injuries suffered in a collision between two automobiles at the intersection of Conti and Bayou streets in the city of Mobile. The car for the operation of which appellant was held responsible was being driven by her daughter Esther south on Bayou street; appellee was a guest in the other car driven by Miss Mott east on Conti street. By an ordinance of the city cars moving east or west have the right of way over cars moving north or south at street intersections. There can be no doubt that the question of negligence involved was a question for the jury. The issue most actively litigated is whether defendant, Mrs. Feore, should be held to answer for the negligence of her daughter on the principle of respondeat superior, and this issue is presented by rulings on questions of evidence, exceptions to parts of the oral charge, and special instructions in writing given and refused. We have found no better way to treat these questions than to state them seriatim as they appear in the assignments of error.

[1] The court did not sustain an objection to defendant's question on cross-examination to the witness Spencer, "Do you know whose car it was?" (referring to the car driven by defendant's daughter), as the first assignment of error assumes. Nor was any harm done by the court's exclusion of the answer which was to the effect that the witness knew only what Esther had told him, what Esther told him remaining undisclosed, nor was it asked for.

[2] There was no error in sustaining plaintiff's objection to defendant's further question to the same witness, "Did she"—meaning Esther—"make any statement to you after the accident?" Even though we assume that the witness would have repeated a statement by Esther that she owned the car she was driving—the disputed ownership of which appears to have been the overshadowing issue in the cause—the answer, as affecting the liability of defendant, was nothing better than hearsay. Barfield v. Evans, 187 Ala. 589, 65 So. 928. Esther's statement, whatever it may have been, could not have been made at the

time of the accident, and so the demand for its admission justified on the ground that it was of the class of spontaneous exclamations admissible without the guaranty of an oath, for the witness, who was asked to repeat it, was not there to hear what may have been said at that time.

[3-5] The ruling sustaining an objection to defendant's question on direct examination to her witness Mrs. White cannot be held for error. The question was: "Did you ever, prior to the accident, hear Mrs. Feore make any statement as to whose car it was?" The objection was general, and on appeal the ruling must be sustained, if there was any good reason whatever why the testimony sought by the question should have been excluded. A self-disserving statement by defendant at a time when there was no reason to anticipate trouble would have been competent and relevant without regard to its connection with possession or other concrete act of ownership. Barfield v. Evans, supra. If, however, defendant's statement as it would have been reported by the witness, was that she owned the car, defendant suffered no prejudice by its rejection. In these circumstances, to fasten error upon the trial court it seems that defendant should have stated to the court the nature of the answer she expected the witness to make. Burgess v. Am. Mtg. Co., 115 Ala. 473, 22 So. 282; Mobile Life Ins. Co. v. Pruett, 74 Ala. 487.

[6] Authorities sustain the proposition that defendant was entitled to have the answer of her witness, "Well, Mrs. Feore told me she was going to give her"—meaning her daughter Esther—"a car." The title to the car was not directly involved. No judgment was to be rendered affecting the title to the car. But the ownership of the car was a circumstance relevant to the question whether the driver, Miss Esther, was acting at the time of the accident as the servant or agent of defendant or upon her own initiative, and every indication afforded by the record points to the conclusion that this question of title was decisive of the related question of responsibility for the accident. The declaration of the alleged donor that she intended to give her daughter a car, made at a time when no motive for misstatement appeared, should have been admitted in evidence. Powell v. Olds, 9 Ala. 861; Gillespies' Adm'r v. Burleson, 28 Ala. 562. We do not find the authority of these cases intentionally or necessarily shaken by the decision in McAdams v. Beard, 34 Ala. 478. On the contrary, their authority is expressly recognized. There is a typographical error somewhere in the report of that case, and that may account for the fact that it is cited as limiting the effect of the previous cases. Our opinion is that they are all in harmony, and establish a principle according to which this answer of the witness White should have been allowed to remain with the jury. Nor do we find that at any other place defendant had the benefit of this witness' testimony to the same fact.

[7] Defendant's sworn application—at least it purported to be her sworn application—to the judge of probate for a certificate of ownership of the car driven by her daughter at the time of the accident, in which application she stated that she had purchased or acquired the car previous to the accident, and the questions propounded in connection therewith, were properly allowed to go to the jury for what they were worth. That was about a year after the accident, but the statements made by defendant in the affidavit and in connection therewith tended to contradict her previous testimony, and were therefore relevant and competent.

[8] The exceptions to the court's oral charge, made the subject of the thirteenth, fourteenth, and fifteenth assignments of error, were not well taken. The trial court did not instruct the jury that defendant "could be liable under the facts of this case if she did not own the car," as the brief for appellant assumes. As we read the record, the effort of the court was to instruct the jury to the effect that, while ownership of the car was a circumstance to be considered, it was not conclusive either way, and in this the court was entirely right.

[9, 10] The court also instructed the jury without error, as shown by assignments sixteenth to nineteenth, both inclusive. The language of the court, as shown by these excerpts from the oral charge, was employed while instructing the jury that the fact that Esther Feore was the daughter of defendant and lived under her mother's roof and as a member of her family might be considered in determining whether she acted as the agent or employee of her mother on the occasion in question. In the context the court further informed the jury, in substance, that the issues of fact referred to in these assignments, thirteenth to nineteenth, were to be determined by the jury from the evidence in the cause. While the verdict of the jury may have been based upon a misapprehension of the rules of law and justice involved in the rule of respondeat superior—as applied to the facts of this case, we apprehend, a matter of no small difficulty—we do not find that the court in the matters referred to committed error. Perhaps, also, the court, when it advised the jury, as it did in effect, that Esther was acting as the agent or employee of defendant at the time of the accident, if at that time she was carrying out the instructions of her mother, express or implied, explained the theory of respondeat superior as fully as the emergency demanded. At any rate, if defendant apprehended prejudice in this last respect, the proper recourse was to request additional instructions.

[11, 12] Charge 1, given at the request of

plaintiff, is, for one thing, open to criticism for its use of the word "instance." We command, or instruct in the sense of command, our servants or agents. "Instance" does not imply the same degree of obligation to obey. Esther was of full age, for aught appearing, legally her own master, though financially dependent upon her mother. She had just taken her younger sister to school, and was returning home in her own way and according to her own pleasure. It may be that the jury could have inferred a command in some sort from her mother to carry her sister to school —something more than a mere acquiescence in what she did—but the idea that she was acting under the instruction of her mother, express or implied, that she was engaged in the execution of her mother's will rather than her own, should not have been minimized or left to rest in a word which in this connection is unusual and ranges in meaning from casual suggestion to earnest solicitation. Moreover, the charge invaded the province of the jury, in that it advised them that, on the facts hypothesized, they ought to find a verdict for the plaintiff. The facts hypothesized afforded ground upon which the jury might have based a conclusion in favor of plaintiff; but the inference was for them, whereas the charge undertook to instruct them what inference they should draw.

[13] Charge 2, the court thinks, is involved and misleading, and might well have been refused.

[14,.15] Charges 3 and 4, given to plaintiff, asserted correct propositions of law.

[16-20] A number of special charges were refused to defendant. We think charge 19, thus refused, should have been given. It seemed to be necessary to the defense, and proper for a more complete statement of the law, to get the idea of this charge before the jury. The charge was not rendered objectionable by the word "merely." In view of some of our decisions (Erlich v. Heis, 193 Ala. 669, 69 So. 530; Hudgens v. Boles, 208 Ala. 67, 93 So. 694) the use of that or some equivalent term was necessary. Without it the charge would have been condemned, because it did not exclude the notion that Esther Feore might have been operating the car on her mother's business and for her own pleasure at the same time. Charge 52 is condemned on this ground. Nor can it be condemned on the ground that "the daughter's own pleasure" may have been understood to mean the pleasure of the younger daughter whom Esther had taken to school. Very clearly the charge refers to Esther's pleasure; nor because it failed to specify the time and place of the accident. The only fair interpretation of the charge is that it refers to the status and relation of defendant and her daughter Esther at the time and place of the accident. If it were necessary in framing instructions for the information and guidance of juries to exclude every possible conclusion of this sort, the privilege of requesting special charges on points not perhaps adequately covered by the court's oral instructions would be quite valueless. Fairly construed, as it should be, this charge stated a correct proposition of law, applicable to the case developed by the evidence, and should have been given. And so with reference to charges 21 and 72. Charge 68 is in effect merely a repetition of 19.

[21-23] Charges like 18, 20, 66, and 70 were objectionable by reason of the use of the phrase "in furtherance of defendant's business" or the like. There was no physical impossibility that Esther may have been operating the automobile as the agent or servant of defendant and within the scope of her employment—assuming for the argument she was an agent or employee—and yet not in furtherance of her mother's business. This idea is elaborated in Jones v. Strickland, 201 Ala. 138, 77 So. 562, to which we refer. And that reference will afford ground for condemning charges B, C, and D, requested by defendant.

[24] The court thinks that defendant's charges E and F were refused without error as having a tendency to lead the jury to conclude that defendant, however negligent her agent (if agent she had) may have been, was not to be held liable, if the negligence of the driver of the car in which plaintiff was riding contributed to plaintiff's injury. Charges of this character in cases of this kind—cases in which responsibility for the accident may be disputed between two agents acting independently of each other—have been condemned. Alabama Wire & Steel Co. v. Thompson, 166 Ala. 468, 52 So. 75; Frierson v. Frazier, 142 Ala. 232, 37 So. 825; Age-Herald Pub. Co. v. Waterman, 188 Ala. 291, 66 So. 16, Ann. Cas. 1916E, 900; Johnson v. Louisville & Nashville R. Co., 203 Ala. 86, 82 So. 100.

[25] Two or three other charges requested by defendant were covered by charges given at her request or were argumentative, and were properly refused. The court has considered the general affirmative charge requested by defendant and urged upon the court as the proper solution of this case. The opinion prevails that there was evidence enough to take the question of defendant's responsibility to the jury, and that, in view of another trial, discussion of the considerations conducing to one conclusion or the other were better pretermitted.

Other questions need not be considered at this time. For the errors pointed out, the judgment will be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.