**In the Matter of Dennis Edwin BROWN, Debtor.**

**ALABAMA FARM BUREAU MUTUAL CASUALTY INSURANCE COMPANY and Kenneth Ray Lawley and Billy Ray Lawley, Plaintiffs,**

v.

**Dennis Edwin BROWN, Defendant.**

**Bankruptcy No. 81–03081.**
**Adv. No. 81–1120.**

United States Bankruptcy Court, N. D. Alabama, S. D.

March 24, 1982.

Bruce M. Green, Birmingham, Ala., for debtor-defendant.

Connie D. Ray, Birmingham, Ala., for plaintiffs.

M. Charles Sterne, Jack Rivers, Trustees.

## OPINION

STEPHEN B. COLEMAN, Bankruptcy Judge.

On July 3, 1978, the Debtor, Dennis Edwin Brown, was involved in a motorcycle accident with the Plaintiffs, Kenneth Ray Lawley and Billy Ray Lawley. The fault of the collision rested on the Debtor, and since he was uninsured at the time, the Lawleys' insurance carrier, Alabama Farm Bureau Mutual Casualty Insurance Company, paid $8,500 to the Lawleys for injuries they sustained. This payment was made pursuant to the uninsured motorist clause in their insurance policy.

On May 20, 1981, Debtor filed his petition in Bankruptcy, and now the Lawleys and Alabama Farm Bureau Mutual Casualty Insurance Company seek a judgment against Dennis Edwin Brown for $8,500 and have petitioned this Court to find the debt nondischargeable as a willful and malicious injury by the Debtor under § 523(a)(6).

Two main issues have arisen in this case. First, whether Alabama Farm Bureau has standing to object to a discharge in Bankruptcy since it is a subrogee to the other Plaintiffs by way of a contractual obligation to them. Second, whether or not the debt in question was the result of willful and malicious injury caused by the Debtor. The second issue is dispositive of this matter, and therefore I will not address the first.

Deciding what constitutes willful and malicious conduct can be extremely difficult. No two sets of facts are identical, and perhaps this is why Congress has avoided giving a precise definition of willful and malicious.[1]

The facts in this case, while somewhat in dispute, are quite clear. The testimony does, however, fall short of being comprehensive. Various witnesses established that Plaintiffs and Defendant had all consumed alcoholic beverages during the afternoon and evening of July 3, 1978. The evidence further showed that the two Lawleys and Mr. Brown had spent some part of the evening at or near a drinking establishment known as "Lib's Club." Just how much alcohol each party consumed there, if any, is unknown. Neither is it known how much

---

1. The conjunctive use of the term "wilful and malicious" is rarely found in State Court pleadings, as can be well imagined. Although recognized as a matter of Federal construction, Congress never saw fit to *define* the term leaving its definition to the Courts. Congress passed by its opportunity to legislate a definition by not including one in the Code. The term "wantonness" used in State Court pleading is the closest in meaning to "wilful and malicious" and has been said to equate or approximate it. *Pridgen v. Head*, 210 So.2d 426, 282 Ala. 193 (1968). However, wantonness is a form of negligence and stops short of a willful or intentional wrong. *Feore v. Trammel*, 104 So. 808, 213 Ala. 293. See the manuscript Opinion in the case of *Stevens v. Rice*, 18 B.R. 562 (Bkrtcy.) in the Northern District of Alabama.

time lapsed between the "last drink" and the collision. All the parties had been riding around on their motorcycles for several hours that afternoon and evening. Since the collision happened near midnight, it does not appear any of the parties were "drunk" at that time.

The evidence showed that Plaintiffs and Defendant left Lib's Club together, Billy Ray Lawley driving, with his father, Kenneth Ray Lawley, as a passenger on one motorcycle, and Dennis Edwin Brown riding another. They passed each other numerous times, but after traveling several miles, Defendant fell behind. Then, on a straight stretch of highway, Defendant sped his motorcycle up, apparently in an attempt to overtake Plaintiffs' motorcycle. As he drew near, the two motorcycles made contact. It is disputed whether Defendant ran into the rear of Plaintiffs' motorcycle or whether their handlebars became entangled, but the end result was extensive damage to person and property.

The only willfulness or maliciousness that could be attributed to Defendant would have to be inferred from his state of intoxication. To say that he possessed a specific malicious intent to ram his motorcycle into the Lawleys' motorcycle is absurd, especially when traveling at an estimated speed of between 50 and 70 miles per hour. There has been no evidence submitted to show Defendant harbored ill-will towards the Lawleys, and I am unable to discern the presence of an evil motive.

The cases clearly state that drunk driving is not per se willful and malicious conduct. *In re Collins*, 1 B.R. 147, 5 B.C.D. 1058 (Bkrtcy.1979); *In re Bryson*, 3 B.R. 593, 6 B.C.D. 199, 1 C.B.C.2d 1038 (Bkrtcy.1980); *In the Matter of Naser*, 7 B.R. 116, 3 C.B.C.2d 211 (Bkrtcy.1980); *In re Kennan*, 3 B.C.D. 1183 (1977). The circumstances must show a Defendant's driving to be of such a gross nature as to imply malice. The Plaintiffs have not sustained their burden of proving that Dennis Edwin Brown caused the collision deliberately or maliciously, by reason of intoxication or in any manner other than through negligence, careless or reckless operation of the motorcycle.