Willie Mack Kelly was indicted for robbery in the first degree, in violation of § 13A-8-41, Code of Alabama, 1975. The *Page 344 
jury found the appellant guilty "as charged in the indictment" and the trial court sentenced him to ten years' imprisonment in the penitentiary.
On May 3, 1981, at approximately 3:30 or 4:00 o'clock in the afternoon, Ike Ransom and the appellant were sitting in the living room of the residence of Gerta Mathis in Dothan, Alabama. Ransom was sitting in a chair which faced away from the doorway which leads from the kitchen into the living room. The appellant was sitting across the room, facing Ransom.
At some point, the appellant got up and went out the front door of the house. Shortly thereafter, someone approached Ransom from behind. The person placed an object, which Ransom said felt like a knife, to the back of his neck, and told Ransom to keep quiet and not to look around. Ransom testified he recognized the voice as the appellant's. The person then reached in Ransom's right front pocket and removed his .38 special gun and reached into his left back pocket and removed his billfold, which Ransom testified contained $400.00.
When the person removed the object from Ransom's neck, he turned around and saw the appellant walking toward the kitchen.
The next morning, May 4, 1981, Ransom reported the robbery to the District Attorney's office in Houston County.
On May 13, 1981, at approximately 6:45 in the morning, Ransom spoke with the appellant on the telephone. The appellant asked Ransom about settling the case out of court and told Ransom: "I got your gun and I got your billfold with all your belongings in it, but I haven't got it where I can get to it." (R. 33).
Sergeant Robert Jenkins, who investigated the robbery, testified he checked the police department records for gun purchases which revealed that Ransom had purchased a Charter Arms .38 special revolver, serial number 601456, from the Western Auto Store. Jenkins produced Ransom's gun at trial and it was introduced into evidence.
David Rose testified that on the night of May 3, 1981, at approximately 11:30 o'clock, the appellant walked up to Rose's car and swung the revolver at Rose. The revolver fell out of the appellant's hand into Rose's car, and he drove off. Rose then turned the gun over to Eleanor Gordy, a Dothan attorney, who in turn, gave it to Jenkins.
Jenkins further testified that the gun he received from Gordy had the identical serial number as the gun that was registered to Ransom. Ransom later testified that he could identify the gun introduced into evidence as his own because of a scratch mark on the gun.
At this point, the State rested and the defense counsel made a motion to exclude which was overruled by the trial judge.
The first defense witness was Gerta Mathis. She testified that Ransom did not tell her about the robbery until the day after it occurred. She was asked by defense counsel whether or not she knew of occasions on which Ransom's pistol had to be taken away. The State's objection to this question was sustained.
Defense counsel also called Raymond Kincey who testified he had a conversation with Ransom on May 20, 1981. The trial court sustained the State's objection to what Ransom told Kincey during that conversation.
Two other witnesses, Mary Helen Reynolds and Georgia Griffin testified that the appellant had removed Ransom's gun from him on at least one other occasion when Ransom had been drinking. At this point, the defense rested and the jury returned a verdict of guilty.
On July 8, 1981, defense counsel filed a motion for a new trial on the ground of improper juror conduct.
At this hearing, the appellant, his mother and a friend of his mother's, testified that during the trial, they heard certain jurors say the appellant was guilty and was a liar. After considering the evidence at this hearing, the trial judge denied defense counsel's motion for a new trial. *Page 345 
 I
Appellant contends the trial court erred in sustaining two of the State's objections. The trial court's sustention of either a specific or general objection must be affirmed on appeal. ". . . [I]f there was any good reason whatever why the testimony sought by the question should have been excluded." . . . . Feorev. Trammel, 213 Ala. 293, 104 So. 808 (1925); Norris v. State,229 Ala. 226, 156 So. 556 (1934); McElroy's Alabama Evidence § 426.01 (13). Thus the trial court's ruling cannot be held to be erroneous.
 II
The appellant contends the trial court erred in denying defense counsel's motion to exclude the State's evidence. It is clear that the trial court's duty, when considering a motion to exclude, is to determine if there is any evidence, even circumstantial, sufficient to sustain a conviction. Snider v.State, 406 So.2d 1008 (Ala.Cr.App. 1981); Parker v. State,395 So.2d 1090 (Ala.Cr.App. 1980). Such evidence must be weighed in the light most favorable to the State. We hold the evidence did raise a question of fact and was properly submitted to the jury.
 III
Appellant's contention that the trial court committed reversible error by failing to grant defense counsel's motion for a new trial is without merit. The only evidence of juror misconduct presented at the hearing was the testimony of the appellant, his mother and a friend of his mother's. ". . . It became the duty of the trial judge to exercise his reasonable discretion in weighing and determining such evidence and making his decision thereon." . . . . Adams v. State, 32 Ala. App. 367,26 So.2d 216 (1946).
The decision to grant or refuse a motion for a new trial rests within the sound discretion of the trial court and carries a presumption of correctness. In reviewing the evidence presented, we hold the trial judge did not abuse his discretion in denying this motion for a new trial. Suggs v. State,403 So.2d 303 (Ala.Cr.App. 1981); Allen v. State, 382 So.2d 11
(Ala.Cr.App. 1979); Woodard v. State, 401 So.2d 300
(Ala.Cr.App. 1981).
For these reasons, the judgment of the trial court is hereby affirmed.
AFFIRMED.
All the Judges concur.