(89 South. 287)

**PIZITZ v. BLOOMBURGH.**  (6 Div. 396.)

(Supreme Court of Alabama.  May 19, 1921.)

1. **Assault and battery** ⬅➡3—**Intention to injure not essential to recovery in civil action.**

To maintain a civil action for damages for an assault and battery, it is not essential that the infliction of injury upon the party assailed should have been intended.

2. **New trial** ⬅➡41(3)—**Instruction that wrong or injury must be intentional held prejudicial to plaintiff, suing for assault and battery.**

In a civil action for an assault and battery, an instruction that it must appear that the wrong or injury was intentionally done, erroneously required, in the alternative at least, an intention to injure as a condition for recovery, and was prejudicial to plaintiff, so that it could not be pronounced harmless under rule 45 (175 Ala. xxi, 61 South. ix), and the court properly granted plaintiff's motion for a new trial because of the error in such instruction.

Appeal from Circuit Court, Jefferson County; James A. Mitchell, Special Judge.

Action by Mrs. William B. Bloomburgh against Louis Pizitz for damages for an assault and battery. There was judgment for the defendant, which on motion of the plaintiff was set aside and new trial awarded, from which latter order and judgment defendant appeals. Affirmed.

Leader, Ullman & Ewing, of Birmingham, for appellant.

The charge made the basis of the order granting a new trial was properly given in the first instance, and the order was error. Waterman on Trespass, § 146; 2 Greenleaf on Ev. § 85; 67 Ill. 132, 16 Am. Rep. 615; 55 Ill. App. 605; 5 C. J. 624, 622, and 655;

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

129 Ala. 479, 29 South. 924; 82 Ala. 291, 3 South. 38; 113 Ill. App. 219; L. R. 10 Exch. 261; 134 Wis. 523, 115 N. W. 125; 6 Cush. (Mass.) 292; 7 Vt. 62, 29 Am. Dec. 145, and note. Counsel invoke Supreme Court rule 45 (61 South. vii). 204 Ala. 543, 86 South. 471; 192 Ala. 534, 68 South. 417, Ann. Cas. 1917D, 929.

Grace & Simpson, of Birmingham, for appellee.

The charge was error and its giving was not in the protection of rule 45. 169 Ala. 79, 53 South. 753, 33 L. R. A. (N. S.) 1070; 129 Ala. 479, 29 South. 924; 181 Ala. 478, 61 South. 890; 82 Ala. 291, 3 South. 38.

McCLELLAN, J. [1, 2] Action for damages for an assault and battery, instituted by appellee against appellant. A verdict for defendant, appellant, was returned by the jury. The motion for new trial was granted on the ground that the court erred in giving, at the request of defendant, this instruction:

"(7) To make out a case of assault and battery it must appear that the wrong or injury was intentionally done."

In this jurisdiction it has been soundly declared and established that to maintain a civil action for damages for an assault and battery it is not essential that the infliction of injury upon the party assailed should be intended. Carlton v. Henry, 129 Ala. 479, 482, 29 South. 924; Seigel v. Long, 169 Ala. 79, 82, 53 South. 753, 33 L. R. A. (N. S.) 1070; B. R., L. & P. Co. v. Coleman, 181 Ala. 478, 482, 61 South. 890. Furthermore, this doctrine receives general acceptance in other jurisdictions. The instruction quoted exacted, in the alternative at least, an intention to injure as a condition to the maintenance of a civil action for damages for an assault and battery. In giving it the court committed an error highly prejudicial to the plaintiff, an error that could not be pronounced harmless under the principle or direction of rule 45 (175 Ala. xxi, 61 South. ix).

The motion for new trial was properly granted.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.