180 So. 91

### HONEYCUTT v. LOUIS PIZITZ DRY GOODS CO.

6 Div. 274.

Supreme Court of Alabama.
March 24, 1938.

508

Taylor & Higgins, of Birmingham, for appellant.

. Beddow, Ray & Jones, of Birmingham, for appellee.

BROWN, Justice.

Action on the case by the appellant against appellee. for personal injury proximately resulting from being struck in her right eye by a a lollypop or "all-day sucker" consisting of a wad of candy moulded on a stick an eighth of an inch in diameter and three and a half or four inches in length, weighing three-fourths of an ounce, thrown by the defendant's servant or agent into a crowd of women and children in carrying out defendant's scheme of advertising its holiday goods, wares, and merchandise.

The case was submitted to the jury under the first and third counts of the complaint, and the plea of the general issue pleaded in short by consent with leave, etc., resulting in a verdict for plaintiff assessing her damages at $1,000, which on motion of the defendant was set aside and a new trial awarded. The appeal is from the order of the court granting the new . trial.

The first count ascribed the plaintiff's injury to the negligence of the defendant's servant or agent, while acting within the scope of his employment; and the third count to an assault and battery committed by said agent or servant while acting within the scope of his employment.

These counts both proceed on the principle of respondeat superior against the master, who alone is sued, imputing to it the negligent or wrongful act of the servant, and are in case. Southern Railway Co. v. Hanby, 166 Ala. 641, 52 .So. 334;

Lehigh Portland Cement Co. v. Higginbotham et al., 232 Ala. 235, 167 So. 259.

The major contention of the appellee is that the evidence is without dispute that the acts of the defendant's servant in throwing the lollypops and other articles of merchandise into the crowd of women and children, attracted to the place where plaintiff's injury was inflicted by the defendant's advertisements and the music furnished by the band on the truck, was for the entertainment of the crowd and was innocent of any purpose or intent to injure any one, and therefore plaintiff's injury was the result of accident for which the defendant is not liable; and therefore the affirmative charge requested by the defendant was erroneously refused.

In support of this contention, appellee cites Alderson v. T. Waistell and H. Waistell, 1 Car. & K. 358, which was in trespass for an assault and battery. The case was submitted to the jury resulting in a verdict against one of the defendants and acquitting the other. This case, of course, does not support the appellee's contention, that it was entitled to the affirmative charge.

"Strictly speaking, an accident is an occurrence to which human fault does not contribute, and the term has accordingly been variously defined as an unusual and unexpected event happening without negligence; a casualty which could not be prevented by ordinary care and diligence; an event happening unexpectedly and without fault. But this is a restricted meaning.

■ "In its more general sense the term does not exclude human fault called negligence, but is recognized as an occurrence arising from the carelessness of men." 1 C.J. pp. 392, 393, § 5.

And it has been held here, that "accident repels the imputation of faults committed, but not of duties omitted." Grant v. Moseley, Adm'r, etc., 29 Ala. 302, 305; Loreno v. Ross, 222 Ala. 567, 133 So. 251; Montevallo Mining Co. v. Little, 208 Ala. 131, 93 So. 873.

The evidence is without dispute that the defendant's advertising scheme attracted several hundred women and children, who surrounded the truck carrying the band; defendant's servant dressed as Santa Claus. That some of those in the crowd stood from seventy to seventy-five feet away from the truck; and that defendant's servant standing in the truck threw with great force the articles being distributed into the crowd, and one of said "lollypops" struck plaintiff in the eye, producing an abrasion of the sclera of the eyeball across the pupil, resulting in an infection causing much pain and suffering and, there is evidence tending to show, causing partial dimness of the sight necessitating the use of spectacles which plaintiff had not before had to use.

■ This evidence was sufficient to warrant the submission of the case to the jury on the negligence count.

■ It is settled in this jurisdiction that to maintain a civil action for an assault and battery, it is not essential that the infliction of the injury upon the plaintiff should be intended. Pizitz v. Bloomburgh, 206 Ala. 136, 89 So. 287. And it can often be sustained by proof of a negligent act resulting in unintentional injury. Chapman v. State, 78 Ala. 463, 464, 56 Am. Rep. 42; Peterson v. Haffner, 59 Ind. 130, 26 Am.Rep. 81; 2 Greenleaf on Evidence, 16th Ed., 72, § 85.

■ If the missiles thrown—the lollypops—were of such nature and character as that they were liable to produce injury, and were thrown into the crowd of women and children with such force as to cause injury, the jury was warranted in finding the defendant liable under the third count of the complaint.

■ We are therefore of the conclusion that the case was tried without error, that the evidence plainly and palpably supports the verdict; and we are not of opinion that the damages assessed by the jury were excessive.

The order granting the new trial is therefore reversed, and an order entered here overruling the motion and reinstating the judgment of the circuit court rendered on the verdict of the jury.

Reversed and rendered.

ANDERSON, C. J., and FOSTER and KNIGHT, JJ., concur.