I cannot agree that a battery may be a negligent tort
The majority holds that an officer using excessive force against a prisoner has committed a negligent tort. I believe, however, that the majority's ruling is not sustained by the authorities. A battery is an intentional and nonconsensual touching of another, W. Prosser, Handbook of the Law of Torts § 9 (4th ed. 1971), or the touching by one person of the person of another in rudeness or anger. Wilson v. Orr, 210 Ala. 93,97 So. 133 (1923). Although a police officer is privileged to use that force the officer reasonably believes necessary to overcome resistance to his lawful authority, a police officer is guilty of a battery when he exceeds the privileged force by committing unwarranted violence on the person of his prisonerEvans v. Walker, 237 Ala. 385, 187 So. 189 (1939); 6A C.J.SAssault and Battery § 27 (1975); Restatement (Second) of Torts
§§ 117, 132 (1965)
The Restatement (Second) of Torts defines "battery" as follows:
§ 18. Battery: Offensive Contact
 (1) An actor is subject to liability to another for battery if
 (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and
 (b) an offensive contact with the person of the other directly or indirectly results
 (2) An act which is not done with the intention stated in Subsection (1, a) does not make the actor liable to the other for a mere offensive contact with the other's person although the act involves an unreasonable risk of inflicting it and, therefore, would be negligent or reckless if the risk threatened bodily harm. *Page 593 
Restatement (Second) of Torts § 18 (1965) (emphasis supplied) Comment g further explains that an actor whose conduct is reckless or negligent "does not become liable [for battery] if it causes only an offensive contact." Restatement (Second) ofTorts § 18, Comment g (1965). It is therefore clear that a battery is an intentional tort, see, W. Prosser, Handbook ofthe Law of Torts § 9 (4th ed. 1971), but the majority holds that it is possible to have a negligent battery, citing, among the cases, Honeycutt v. Louis Pizitz Dry Goods Co., 235 Ala. 507,180 So. 91 (1938), and Pizitz v. Bloomburgh, 206 Ala. 136,89 So. 287 (1921). As the majority suggests, these cases do appear to recognize that there can be a negligent assault and battery. The cases, however, are grounded on negligence principles, and I believe that the term "assault and battery," as used in these cases, indicates only that recovery was sought for personal injury directly resulting from defendant's alleged negligence
The Bloomburgh opinion did not include facts; however, inHoneycutt this Court applied the facts to determine whether the plaintiff's case was properly submitted to the jury on an assault and battery count. Defendant, as part of a holiday promotional program, sent an employee, dressed as Santa Claus, to distribute various items. The employee, while standing on the rear of a truck, threw candy into a crowd of several hundred, and one piece of candy struck plaintiff in the eye Under these facts, this Court found sufficient evidence for plaintiff's verdict on the assault and battery count by holding:
 It is settled in this jurisdiction that to maintain a civil action for an assault and battery, it is not essential that the infliction of the injury upon the plaintiff should be intended. And it can often be sustained by proof of a negligent act resulting in unintentional injury.
 If the missiles thrown — the lollypops [sic] — were of such nature and character as that they were liable to produce injury, and were thrown into the crowd of women and children with such force as to cause injury, the jury was warranted in finding the defendant liable under the third count of the complaint [for assault and battery]
Honeycutt v. Louis Pizitz Dry Goods Co., 235 Ala. 507, 509,180 So. 91, 92 (1938) (citations omitted, emphasis supplied). From the foregoing, it is clear the Honeycutt court simply approved a count for negligent infliction of personal injury
The tort law evolutionary process explains the older references to assault and battery as negligent torts. The subject is discussed by Dean Prosser:
 The procedural distinction between trespass and case has long been antiquated, although some vestige of it still survives in a few states which retain common law pleading in a modified form. Modern law has almost completely abandoned the artificial classification of injuries as direct or indirect, and looks instead to the intent of the wrongdoer, or to his negligence. The first step was taken when the action on the case was extended to include injuries which were not intended but were merely negligent, and were inflicted directly and immediately. Because of the greater convenience of the action, it came to be used quite generally in all cases of negligence, while trespass remained as the remedy for the greater number of intentional wrongs. Terms such as battery, assault and false imprisonment, which were varieties of trespass, came to be associated with intent, and negligence emerged as a separate tort. The shift was a gradual one, and the courts seem to have been quite unconscious of it. When, in the nineteenth century, the old forms of action were replaced in most jurisdictions by the modern code procedure, the new classification remained. There is still some occasional confusion, and some talk of a negligent "assault and battery," but in general these terms are restricted to cases of intent
W. Prosser, Handbook of the Law of Torts § 8, at 29-30 (4th ed 1971) (footnotes omitted). As a footnote to the foregoing discussion, Professor Prosser wrote: "A later example *Page 594 
of this use of an outmoded terminology [negligent assault and battery] is Honeycutt v. Louis Pizitz Dry Goods Co., 1938,235 Ala. 507, 180 So. 91, which finds assault and battery where plaintiff was negligently, but not intentionally, struck by a lollipop." W. Prosser, supra, at 30 n. 15. I agree with Professor Prosser's analysis of cases using the terms "negligent assault and battery," and I would hold that assault and battery are purely intentional torts
The question then becomes whether Code 1975, § 11-47-190, permits municipal liability for an intentional tort. I believe that the very recent case of Neighbors v. City of Birmingham,384 So.2d 113 (Ala. 1980), settled the question. I takeNeighbors as an unassailable authority that § 11-47-190
precludes a suit against a municipality for an intentional tort, and I would hold that defendant was entitled to have its motion for directed verdict granted
In Neighbors, the issue was whether a municipality could be liable for malicious prosecution. Mr. Neighbors was arrested by Birmingham police officers on a charge of public drunkenness He was acquitted of the charge, and subsequently he filed suit for malicious prosecution against Birmingham and the police officers. The trial judge dismissed the complaint for failure to state a claim, and Mr. Neighbors appealed. We affirmed the trial judge because § 11-47-190 made municipalities liable only for the "neglect, carelessness, or unskillfulness" of their employees. The court gave effect to the plain meaning of the statute and held that Birmingham could not be liable for malicious prosecution
The Neighbors court, discussing the importance of Jackson vCity of Florence, 294 Ala. 592, 320 So.2d 68 (1975), said:
 Appellant insists that McCarter v. City of Florence, [216 Ala. 72, 112 So. 335 (1927), which held that a municipality was not liable for malicious prosecution] was overruled by this Court's decision in Jackson v. City of Florence, 294 Ala. 592, 320 So.2d 68 (1975), a decision which he contends absolutely abolished governmental immunity in Alabama. We do not agree. Jackson abolished the judicial doctrine of municipal immunity, but recognized ". . . the authority of the legislature to enter the entire field, and further recognize[d] its superior position to provide with proper legislation any limitations or protections it deems necessary. . . ." 294 Ala. 592, at 600, 320 So.2d 68, at 75
 In so holding, Jackson gave effect to former Tit 37, § 502, now Code 1975, § 11-47-190, a legislative effort to impose liability on municipalities for the negligence of their employees, which had been thwarted by the interpretation placed on it by the courts
. . .
 Section 11-47-190 remains the pertinent legislative enactment. It limits the liability of municipalities to injuries suffered through "neglect, carelessness or unskillfulness." To construe that language to include an action for malicious prosecution would be to expand the words beyond their normal meaning. This we decline to do
Neighbors v. City of Birmingham, 384 So.2d at 113-14. The rule to be gleaned from the Neighbors case, then, is that by enacting § 11-47-190 the Legislature abolished municipal immunity from liability for negligent torts and not for intentional torts
The Neighbors case did however, call into question the continued viability of one rule presumably implicit in Jacksonv. City of Florence, 294 Ala. 592, 320 So.2d 68 (1975). InJackson, it was alleged that a Florence police officer negligently assaulted (Count I) or willfully and wantonly assaulted (Count II) the plaintiff by the use of excessive force. We reversed in whole the trial judge's sustaining of defendant City's demurrer and its motion to dismiss. If our reversal in Jackson could be construed as approving Count II, which alleged an intentional tort, then I believe Neighbors
settled that § 11-47-190 does not allow suit against a municipality for the intentional tort of its agent
In the area of municipal immunity from lawsuit, the legislative province is clear *Page 595 Jackson v. City of Florence, 294 Ala. 592, 320 So.2d 68 (1975) The Legislature has the right to restrict municipal liability, and I would not interpret the legislative directive making municipalities liable for "neglect, carelessness or unskillfulness" to include liability for intentional conduct As such, I would hold that Code 1975, § 11-47-190, gives no cause of action for what have traditionally been regarded as intentional torts
Here, plaintiff alleged and sought to prove that, in an effort to coerce compliance with the jail's rules, defendant's police officer beat and kicked plaintiff without justification, and that the blows caused plaintiff serious injury. In other words, plaintiff's theory of recovery is that defendant's police officer used excessive physical force on plaintiff's person. Therefore, plaintiff does not seek recovery for defendant's negligence, but instead, seeks recovery for the intentional tort of battery. For this reason, § 11-47-190
precludes plaintiff's cause, and I would hold that the trial court should have granted defendant's motion for directed verdict