**In the Matter of Charles RICE, Debtor.**

**James STEVENS, Plaintiff,**

v.

**Charles RICE, Defendant.**

**Bankruptcy No. 81–05101.**
**Adv. No. 81–1312.**

United States Bankruptcy Court,
N. D. Alabama, S. D.

March 22, 1982.

J. Edmund Odum, Jr., Birmingham, Ala., for debtor/defendant.

Phillip J. Sarris, Birmingham, Ala., for plaintiff.

M. Charles Sterne, trustee.

Jack Rivers, U. S. trustee.

## OPINION

STEPHEN B. COLEMAN, Bankruptcy Judge.

The Plaintiff, James Stevens, obtained a State Court judgment against the Debtor, Charles Rice, in the amount of $8,437.55. On the Plaintiff's motion, and after notice and hearing, this Court entered an order on January 26, 1982, declaring the indebtedness non-dischargeable in bankruptcy. The Debtor then petitioned for a rehearing and for the Court to reconsider its order. The facts of this case are as follows:

On February 14, 1974, James Stevens was a customer at the Cat's Lounge in Birmingham, Alabama. While he was sitting at a table, an altercation broke out across the room between Charles Rice and a third party. Mr. Rice produced a pistol, and during the scuffle, it discharged. But, instead of hitting the third party, the bullet hit and wounded Plaintiff, who was in no way involved in the fight. He was an innocent bystander.

Charles Rice filed his Chapter 7 petition on August 28, 1981. Only one unsecured debt was listed in his schedule of creditors—that for $8,437.55, based on the above State Court judgment. Only two secured debts were listed, and both of those were reaffirmed. It is therefore safe to assume that Mr. Rice's sole purpose in filing bankruptcy was to have his debt to James Stevens discharged.

James Stevens bases his complaint to determine the debt nondischargeable on § 523(a)(6) of the Bankruptcy Code. The issue this Court must determine is whether or not the Debtor is guilty of "wilful and malicious" conduct. Mr. Stevens contends this issue has already been resolved by the mere fact the State Court jury found Charles Rice liable for assault and battery. On the other hand, Mr. Rice contends that Bankruptcy Court is not bound by State Court findings, that it may look behind the judgment and determine for itself the nature of his acts.

The Debtor contends that he had no personal ill-will or malice toward Creditor; that he in fact did not know or intend to harm him; that within the meaning of "wilful and malicious injury by the debtor" as interpreted in the Bankruptcy Code in the language used in House Report No. 95–595, 95th Congress, 1st Session, U.S. Code Cong. & Admin.News 1978, p. 5787, that he should not be held to less than a "deliberate or intentional" act; that his use of the firearm in the altercation was solely in his self-defense which he offers to prove in the bankruptcy proceeding.

The statement that the word "malicious" does not necessarily include "personal ill-will or hatred" has long been in the law. Somewhere in the twilight zone between negligence, wantonness and intentional wrong, Congress, under the Code, has legislated a standard of human conduct. There may be a distinction between "wilful and malicious injury by the debtor" and a wilful and malicious act that causes injury to the Debtor.

Bankruptcy Courts for more than forty years and many hundreds of cases have

struggled with this problem, and have difficulty in following a suggestion by Congress that the re-enactment of a law in the exact same verbiage should not carry with it all the gloss by way of precedent that attended these words.[1] I see nothing wrong with a test of conduct as an act that should be non-dischargeable when the act done is "wrongful in and of itself, done intentionally and without just cause or excuse and which produces harm or injury to another." See cases cited in *Collier*, Vol. 1.a, 14th Ed., beginning Page 1650.3.

This definition excludes negligence, wantonness and utter disregard and anything short of wilful or intentional acts. It would include in its ambit assault and battery, trespass, libel and slander, and torts and wrongs in which the element of will and intent are found. A study of text books reveals that such torts do not have the same meaning in all Courts. For instance, a civil action for assault and battery may lie without a specific intent to harm in some jurisdictions. See *C. J. S.* Vol. 6A, Assault and Battery Page 322, and cases cited. 6 Am. Jur.2d, Page 99 and cases cited, Note 13.

If the test is the intentional commission of the wrongful act rather than the intent to inflict injury, we find Congress has not changed the rule all that much. It is the writer's opinion that the law should apply in the sense of intention to do the wrongful act rather than an intent to harm or injure a particular person. Some late decisions post-Code seem to interpret the legislative history to make dischargeable all acts short of intent to injure equating intention to the point of personal ill-will or spite and malice. The writer does not believe that the Courts have to go that far, even in those Courts who do not want to follow the doctrine of *Tinker v. Colwell*, 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754.

Since this case went to judgment and has already been tried before a jury in the State Court, it is important to determine what was settled by that judgment. The United States Supreme Court in *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), made it clear "that the bankruptcy court is not confined to a review of the judgment and record in the prior state court proceedings when considering the dischargeability of (a) debt." It reasoned that the specific issue of dischargeability would seldom, if ever, arise in a State Court law suit. In fact, if these issues *were*, as a normal practice, raised at the State Court level, it "would undercut a statutory policy in favor of resolving dischargeability questions in bankruptcy court, and would force state courts to decide these questions at a stage when they are not directly in issue and neither party has a full incentive to litigate them."

Does it then follow that the doctrine of collateral estoppel can never be applied to the issue of dischargeability? No, but there is a three-prong test to determine whether or not a particular issue should be precluded from relitigation:

> "The party asserting the estoppel must show (1) that the issue to be concluded is identical to an issue decided in the prior litigation, (2) that it was actually litigated, and (3) the decision on the issue must have been necessary to the prior judgment." *In the Matter of Merrill*, 594 F.2d 1064, 1067 (1979).

While *Brown v. Felsen*, supra, holds that the Bankruptcy Court is allowed to look behind the State Court record and judgment, such a "retrial" is not mandatory. Since the inquiry may not be the same, Bankruptcy Courts do not apply *res judicata* except to the issues actually and manifestly raised and adjudicated. In dis-

---

1. The conjunctive use of the term "wilful and malicious" is rarely found in State Court pleadings, as can be well imagined. Although recognized as a matter of Federal construction, Congress never saw fit to *define* the term leaving its definition to the Courts. Congress passed by its opportunity to legislate a definition by not including one in the Code. The term "wan-

tonness" used in State Court pleading is the closest in meaning to "wilful and malicious" and has been said to equate or approximate it. *Pridgen v. Head*, 210 So.2d 426, 282 Ala. 193 (1968). However, wantonness is a form of negligence and stops short of a wilful or intentional wrong. *Feore v. Trammel*, 104 So. 808, 213 Ala. 293.

chargeability determinations, issues which could be tried, but were not, are retried by the Bankruptcy Court.

However, there is ample room for the application of collateral estoppel as to all issues tried and found in the prior State Court record. The Sixth Circuit Court of Appeals made the following statement in *Spilman v. Harley*, 656 F.2d 224 (6th Cir. 1981), at Page 277: "... that Congress intended the Bankruptcy Court to determine the final result—dischargeability or not—does not require the Bankruptcy Court to redetermine all the underlying facts." And continuing on page 228:

"... where the factual issues necessary for dischargeability determination were also necessary to the state court determination, the parties would not have to anticipate the bankruptcy proceedings and the state courts would not be determining issues irrelevant to the state proceedings. Collateral estoppel is applied to encourage the parties to present their best arguments on the issues in question in the first instance and thereby save judicial time. There is no room to suppose that parties will not vigorously present their case on issues necessary to the state court proceeding or that the bankruptcy court will be any more fair or accurate than the state court in the determination of facts. Thus, there is no reason to allow relitigation of facts previously litigated which were necessary to the outcome of that prior litigation. This court holds that where all the requirements of collateral estoppel are met, collateral estoppel should preclude relitigation of factual issues."

This requires a careful review of the issues essentially litigated and tried in the State Court. The principal defense was the plea of self-defense which was found against the defendant. Was the assault and battery of the kind in which a wilful or intentional wrong was necessarily found? The two Counts in the Complaint were based on assault and battery. Malice may be inferred from the use of a deadly weapon. This leaves only the ingredient of wilfulness.

The definitions of assault, battery, and assault and battery, occasioned consideration by the Florida Court in the case of *McDonald v. Ford*, 223 So.2d 553, at page 555, wherein the Court quoted, with approval, from the Court of Appeals of Ohio. "An assault and battery is not negligence for such action is intentional, while negligence connotes an unintentional act." *Williams v. Pressman*, 113 N.E.2d 395 (Ohio App.1953).

Hornbook law embraces intentional wrong as an element of assault and battery. Alabama, in the *Pizitz* cases, strayed from the ingredient of intention as an essential element to sustain a civil action for assault and battery.[2]

Sometimes Courts supply deficiencies in pleadings or refrain from a strict construction to prevent grave injustice and technical miscarriage. See the Alabama case of *Webb v. McGowin*, 168 So. 196, 27 Ala.App. 82, cert. denied 168 So. 199, 232 Ala. 374, and the very interesting discussions in the Florida cases of *O'Brien v. Howell*, 92 So.2d 608 (Fla.) and *Spivey v. Battaglia*, 258 So.2d 815 (Fla.). Also, compare the Texas case of *Morrow v. Flores*, 225 S.W.2d 621, (Tex.Civ. App.) and the New Mexico case of *Brown v. Martinez*, 68 N.M. 271, 361 P.2d 152.

The Court finds that all elements of the phrase "wilful and malicious" were resolved in the State Court. No good purpose could be served by granting debtor's request for a re-trial in the Bankruptcy Court of the issues presented, heard, and adjudicated by a Judge and jury. The essential facts are not in dispute. This Court is impressed by the very fine opinion of U. S. District Court Judge Robert L. Taylor in reversing the finding of the Bankruptcy Judge in the case of *Smith v. Pitner*, 6 B.R. 731, 6 B.C.D. 1133 (Bkrtcy.1980), on facts very similar to this case. This Court could not agree more, and applauds the decision heartily.

---

2. *Honeycutt v. Louis Pizitz Dry Goods Co.*, 235 Ala. 507, 180 So. 91; *Pizitz v. Bloomburgh*, 206 Ala. 136, 89 So. 287. See also the cases cited in 6 Am.Jur.2d, Assault and Battery, § 117, Page 99.

Miscreants who choose to engage in gun battles in public places, endangering the lives of innocent people, should not find a haven for their wrong doing in the Bankruptcy Court. If Congress intended to adopt a liberal and permissive condoning of such misconduct, the Courts should insist that they do so in plain and clear language, and not leave such an important shift of accountability to the *ipse dixit* of one proponent of as comprehensive a body of law as the Bankruptcy Reform Act of 1978.

The Motion For Rehearing is denied and the Court reaffirms its original Order.